RED APPLE REST, INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 39675.)

Third Department, May 15, 1967.

*David Marcus and William S. Gray* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Emil Woldar* and *Ruth Kessler Toch* of counsel), for respondent.

STALEY, JR., J. This is an appeal by claimant from a judgment of the Court of Claims entered April 18, 1966.

The claimant, a domestic corporation, owns and operates a restaurant situate on the easterly side of Route 17 in the Town of Tuxedo. This parcel has a frontage on Route 17 of approximately 262 feet, and the areas around the restaurant building are paved for parking. The claimant also owns a parcel on the westerly side of Route 17, opposite the restaurant, which is used for parking and other purposes in conjunction with the restaurant. This parcel has a frontage of approximately 215 feet on Route 17. The claimant also owns another parcel on the easterly side of Route 17 about 350 feet north of the restaurant parcel.

For purposes of identification, these parcels were designated " A ", " B ", and " C " respectively. On October 9, 1959, the State, pursuant to section 30 of the Highway Law, appropriated a portion of claimant's land in Parcel " B " and another portion in Parcel " C ". After the appropriation, the State erected approximately 174 feet of guardrail along the easterly side of Route 17 parallel to the westerly boundary of Parcel " A " leaving an opening for ingress and egress of about 76 feet, the southerly end of the opening being about opposite the northerly wall of the restaurant building. The State also erected a guardrail 155 feet in length on the westerly side of Route 17 in front of Parcel " B " leaving an opening at the northerly end of 43 feet, and at the southerly end of 14 feet for ingress and egress.

The decision of the Court of Claims, reflected in the judgment entered herein, awarded the claimant the sum of $718 for the appropriation in Parcel " B " and the sum of $936.70 for the appropriation in Parcel " C ". The court found no consequential damage to the remaining property of the claimant.

The claimant contends that the court erred in holding that the access remaining to Parcels " A " and " B " was suitable after the appropriations and erection of the guardrails, and should not have considered the access to claimant's lands over the lands of adjoining owners in determining suitability of access.

In support of its contention, the claimant asserts that, prior to the appropriations and the erection of the guardrails, cars and buses could and did pull in and out of its premises at gradual angles anywhere along the frontage of its premises, and that since the erection of the guardrails, these vehicles must make 90-degree turns to enter the parking areas. Claimant further asserts that this is a difficult and dangerous maneuver.

In a prior case, *Red Apple Rest* v. *McMorran* (12 N Y 2d 203, 206), the Court of Appeals stated: " the State had a right to erect upon the property appropriated the guardrails in question. The guardrails, as erected did not create a nonaccess highway or bar access to the premises in question, but left ample room for ingress and egress ". The question of whether claimant was or was not entitled to any consequential damages by reason of the limitation of access was not before the court in that case, since no damages were sought.

In the instant case, we are not concerned with total deprivation of access, nor with circuity of access, but solely with impaired access. Consequential damages have been allowed where impaired access has been deemed unsuitable. (*Holmes* v. *State of New York*, 279 App. Div. 489; *Meloon Bronze Foundry* v. *State of New York*, 18 Misc 2d 405, mod. 10 A D 2d 905.) In these cases, however, the altered access actually deprived the premises of sufficient access for the use being made of the premises, in that the access provided all but prohibited ingress and egress into the premises of large trucks necessary in the conduct of the business conducted on the premises.

Where ample access is provided, however, such access cannot be deemed unsuitable merely because it is more difficult or inconvenient to enter or leave the premises. (*Selig* v. *State of New York*, 10 N Y 2d 34; *National Biscuit Co.* v. *State of New York*, 14 A D 2d 729, affd. 11 N Y 2d 743; *Northern Lights Shopping Center* v. *State of New York*, 20 A D 2d 415, affd. 15 N Y 2d 688; *Endwell Rug Co.* v. *State of New York*, 23 A D 2d 516; *Bopp* v. *State of New York*, 22 A D 2d 739, affd. 19 N Y 2d 368.)

The claimant had constructed and used as a means of access to Parcel " A " a driveway across an adjoining parcel of land to the south, which was owned by Reuben Freed and Ethel Freed as tenants by the entirety. Reuben Freed was president of the claimant corporation, and owned and controlled 196 shares out of a total of 200 shares of the corporation. The State contends that the combination of the parcel owned by the Freeds and the adjoining Parcel " A " owned by the claimant, should be considered as a single economic unit.

Although the Court of Claims found that considering Parcel " A " and the Freed property to the south as a single economic unit, the State left more than suitable access to the restaurant property, it also found that there was suitable access left to Parcels " A " and " B " standing alone.

We agree with this latter finding and the judgment should be affirmed on that basis alone, there being no support in the

record for the alternative theory of a single economic unit. The question of whether or not suitable access has been left or provided is a question of fact which is related to the highest and best use of the property affected. (*Holmes* v. *State of New York,* 279 App. Div. 489, *supra.*) Nothing in the record or the physical aspects of the property itself supports the claimant's contention of loss of suitable access.

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and STALEY, JR., JJ., concur in opinion per STALEY, JR., J.

Judgment affirmed, with costs.