LAKEN REALTY CORP., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 41849.) — GABRIELLI, J. Appeal by the State from a judgment of the Court of Claims in favor of the claimant for the appropriation of a portion of claimant's lands in the Town of Newburgh, Orange County, and cross appeal by claimant on the ground of inadequacy. For the taking of 34.499 acres of its lands, claimant was awarded $62,098 for direct damages, which the State does not contest, but it does challenge the award of $98,370 for consequential damages, while the claimant's objections are directed to the inadequacy of the direct damages. Prior to the appropriation the claimant was the owner of 154.599 acres of land with frontage on two highly travelled thoroughfares, Union Avenue and Stewart Avenue, and located near the Thruway, the City of Newburgh and Stewart Air Force Base. The appropriation bisected claimant's land leaving it with 98.5 acres north of the appropriation and 21.6 acres to the south thereof, with adequate access to this latter parcel. The larger parcel became landlocked and access thereto is provided from Union Avenue by rights granted by the State over some of the land taken by it, and at one point on claimant's remaining lands, this narrow to 80' in width. The State does not deny that both remaining parcels were consequentially damaged, but urges that any such damages were offset by benefits accruing to the property as a result of the construction of Interstate 84. Considerable expert testimony was given by both claimant and the State which, in most every respect, was diametrically opposite regarding the question of benefits. The court found that any sustained consequential damages were not offset by the benefits from the improvements and that the remaining properties were not specially benefited by reason of their location and nearness to the new highways. While it appears that there is a real conflict between the experts as to any beneficial increase, it is equally clear that such merely created a factual issue for the court to determine. The Court of Claims has, upon adequate evidence, decided this purely factual issue and we find no basis for disturbing its determination that the subject property was not enhanced in value by the improvements. (*Brand* v. *State of New York*, 26 A D 2d 747.) Admitted into evidence were two appraisals made by the State's expert, one of which indicated that he had considered the question of benefits to the remaining property, but that they were not sufficient to offset the damage. We do not disagree with the statement in the dissent that the court should make separate and specific findings of any enhancement, when such is found to exist, but here the court not only refused to find that the remaining property was benefited by reason of having frontage along or in the vicinity of the Interstate but, on the contrary, found that the physical construction of the improvement actually damaged the remainder. In fixing consequential dam-

ages to the northerly portion, the court based a part thereof on a finding that a narrowed access thereto was both impaired and unsuitable. While we recognize that neither mere inconvenience (*Red Apple Rest* v. *State of New York,* 27 A D 2d 417) nor circuity of access (*Bopp* v. *State of New York,* 19 N Y 2d 368) ought be compensable, the final question as to whether or not suitable access has been provided, remains a question of fact to be decided by the court, related to the highest and best use of the affected property (*Red Apple Rest* v. *State of New York, supra,* p. 420). There was ample evidence upon which the court could find that the impaired or unsuitable access was specifically related to the uncontroverted finding that the highest and best use of the property was for commercial industrial development. In fact, the State's appraiser, although he found that the resulting benefits offset any damages, conceded that this northerly portion had suffered consequential damages because of the constricted "throat" through which access to the parcel was available. The award made for consequential damages was within the range of the testimony and finds adequate support in the record. Claimant cross-appeals, contending that the direct damage award was inadequate, and further that the court failed to give proper weight to the varying values of front and rear portions of the appropriated land. However, the record establishes that the property, all zoned for commercial industrial development, was properly treated by the court as a unit, there not being different uses for different portions of the property; and that the award was within the range of the testimony. Judgment affirmed. Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.; Herlihy, J. P., concurs in part and dissents in part, in a memorandum. Herlihy, J. P. (concurring in part and dissenting in part). The Court of Claims found that "The advent of Route 84 has made possible * * * the erection of many establishments not economically feasible before the taking." It then found that while the subject property was generally benefited it "has been hurt by the taking which primarily is without access and will have ramps and abutments along the northerly exit of Route 84 with quite a severe change in grade in the frontage of parcel #149 [Union Avenue]." The present record would not support a finding that the remaining frontage and access from Union Avenue is inadequate for industrial use of the 98-acre parcel remaining on the north side of the taking. It is common knowledge that close proximity to exits on expressways creates a distinct value for such commercial enterprises as motels, restaurants, signboards, etc. (See *Rose* v. *State of New York,* 29 A D 2d 1003.) The failure of the trial court to make separate findings on the question of enhancement in terms of dollars and cents renders a review of its determination impossible. The fact that it "considered" the enhancement does not constitute such a finding as may be reviewed in this court. (See *Brand* v. *State of New York,* 21 A D 2d 727; *Rockaway Peninsula Corp.* v. *State of New York,* 29 A D 2d 997), and the majority has made no additional findings which would support the after value being affirmed. (See *Reina* v. *State of New York,* 28 A D 2d 1198.) I agree with the majority that factual issues are to be determined by the Court of Claims, however, its determination must be supported by appropriate findings and in this day and age, such findings must set forth the enhancement in value resulting from an expressway in terms of dollars and cents, when the record contains proof of enhanced values. It is to be noted that the fact that an appraiser submits more than one appraisal is not to be condemned even if they are contradictory since the over-all question is simply one of just compensation to the claimant. The judgment should be affirmed as to the amount of the direct damages, and reversed and a new trial granted as to the consequential damages, without costs.