■ LOUIS W. LUNDQUIST, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 43458.) — REYNOLDS, J. Appeal by the State from a judgment of the Court of Claims awarding respondent $69,086.30, plus interest, as direct and consequential damages for the appropriation for highway purposes of .874 acre located in the Town of Yorktown, Westchester County. As a result of the appropriation, respondent's access to his remaining land was limited to some 73 feet fronting on old Route 6. The trial court found that the highest and best use of the entire property prior to the taking was C-2 Local Retail Business and after the appropriation is "for a commercial use, limited under the circumstances because of the narrow approach and the difficulty presented by the lack of access". Finding that this change in use resulted because the appropriation made access unsuitable for the original use, the trial court awarded consequential damages. The State contends that the remaining 73-foot access is a suitable access as a matter of law and that, therefore, the court erred in awarding consequential damages, relying on the rule that no consequential damages may be awarded for interference with access if a suitable means of access is left or provided (Priestly v. State of New York, 23 N Y 2d 152; Bopp v. State of New York, 19 N Y 2d 368; Selig v. State of New York, 10 N Y 2d 34). Of course, the fact that claimant's property is no longer accessible to a heavily traveled State highway (Bopp v. State of New York, supra, p. 372) or that mere circuity of access is involved (Selig v. State of New York, supra; Northern Lights Shopping Center v. State of New York, 20 A D 2d 415, affd. 15 N Y 2d 688, cert. den. 382 U. S. 826; Nettleton Co. v. State of New York, 11 A D 2d 899) would not support an award of consequential damages, but a finding that the remaining access is unsuitable for the highest and best use prior to the appropriation will support an award of consequential damages based on a change in highest and best use (Priestly v. State of New York, supra; Argersinger v. State of New York, 32 A D 2d 708; King v. State of New York, 29 A D 2d 604). In Priestly v. State of New York (supra, p. 156)

the Court of Appeals stated: "The concepts [circuitous access and unsuitable access] are not mutually exclusive and, therefore, a finding that a means of access is indeed circuitous does not eliminate the possibility that that same means of access might also be unsuitable in that it is inadequate to the access needs inherent in the highest and best use of the property involved." On the instant record the trial court could properly find that such was in fact the case with respect to the instant claim. However, while we find an award for consequential damages to be appropriate in the instant case, the State quite correctly contends that the trial court's after value of $5,000 per acre for a major portion of the remaining property is not within the range of the testimony nor explained as required and thus the award cannot stand (*Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851; *Clearwater* v. *State of New York*, 30 A D 2d 883). The respondent's expert clearly did not base his after value as to this parcel on commercial use, and thus his valuation presents no range with the value of the State's expert based on such use (*Stiriz* v. *State of New York*, 26 A. D 2d 964). Utilizing as to the parcel in question the $7,000 per acre after value testified to by the State's expert, the only testimony in the record, we find that the fair and reasonable market value before the appropriation was $143,610; that the value after the taking was $93,379.70; and that thus total damages to the respondent were $50,230.30, $8,126 being direct damages and $42,104.30 being consequential damages. Judgment modified, on the law and the facts, so as to reduce the award to $50,230.30 and appropriate interest, and, as so modified, affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.