■ ALPHONZO JORDAN et al., Respondents, v. STATE OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: Claimants' residential property at the southwest corner of East Raynor Avenue and Thomas Avenue in the City of Syracuse faced East Raynor Avenue. There were two apartments therein. The tenants parked their respective automobiles on the

rear of the lot, entering from Thomas Avenue. The State appropriated Thomas Avenue and a segment of East Raynor Avenue in constructing Expressway Route No. 81. Thomas Avenue had been at grade level, but the State elevated it by fill dirt to a height of 35 feet, and it erected a fence along claimants' east line. East Raynor Avenue was closed at claimants' northeast line. There was not room for a suitable driveway between claimants' house and the fence at their east line. Claimants' west line was 14 feet west of the house, but in this area were 4 trees and shrubbery, including hedges 4 feet high, front and side. Thus, access by vehicle to the rear of claimants' lot for parking or other purposes was lost, unless claimants should uproot most of the trees and shrubbery and construct a driveway on the west side of their house from East Raynor Avenue to the rear of the lot. The evidence shows that without access to the rear of the lot. the rental value of the property has decreased to the extent of $30 per month. It was for this damage that the court below awarded to claimants the sum of $3,000. The State contends that since claimants still have access to the front of their premises via East Raynor Avenue, the damage caused to them by the State's action is *damnum absque injuria* (*Selig* v. *State of New York*, 10 N Y 2d 34, 39; and see, also, *Baldwin-Hall Co.* v. *State of New York*, 22 A D 2d 747, affd. 16 N Y 2d 1005, cert. den., 385 U. S. 818; *National Biscuit Co.* v. *State of New York*, 14 A D 2d 729). We disagree. It is not the mere fact that other access exists which controls, but whether the other access is suitable (*Priestly* v. *State of New York*, 23 N Y 2d 152, 155-156; *240 Scott, Inc.* v. *State of New York*, 18 N Y 2d 299, 304). Suitable access means in accordance with the highest and best use of the property, which in this case admittedly is for residential purposes, requiring access to the rear of the lot. Such access did not remain for claimants after the appropriation in this case (*Priestly* v. *State of New York supra*; *240 Scott, Inc.* v. *State of New York, supra*; *Taylor* v. *State of New York*, 32 A D 2d 884; *Meloon Bronze Foundry* v. *State of New York*, 6 A D 2d 993; *Holmes* v. *State of New York*, 282 App. Div. 278). Moreover, the State has statutory liability for damages it caused to claimants by the change of grade of Thomas Avenue and the exclusion of claimants from access thereto (*240 Scott, Inc.* v. *State of New York, supra*, 18 N Y 2d 299, 305). (Appeal from judgment of Court of Claims in claim for loss of access and consequential damages.) Present — Marsh, J. P., Witmer, Bastow and Henry, JJ.