■ ALEXANDER SLEPIAN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 42654.) — Judgment unanimously reversed on the law and facts with costs to appellant, and a new trial granted in accordance with the following memorandum: Claimant's property was located in a busy commercial area at the northeast corner of Niagara Falls Blvd. and Chestnut Ridge Road and contained 62,171 square feet. The State appropriated 10,719 feet thereof, including all of the frontage on Niagara Falls Blvd., in connection with the construction of a ramp to the Youngmann Expressway, and cut off all access to the boulevard or the ramp. The court accepted the State's appraisal of the square foot value of the land, that is $1.70, and awarded claimant $18,220 for the appropriation. Although the State's witness testified that the remainder of the property was damaged to the extent of 40 cents per square foot by this appropriation, the court awarded nothing therefor, holding that since there was full access thereto from Chestnut Ridge Road, the damage was noncompensable. In our view the court erred in failing to include in the award for the direct taking an amount constituting fair compensation for the reduced value of the remainder of the parcel (see 4 Nichols, Eminent Domain [rev. 3d ed.], §§ 14.1, 14.1 [2], 14.1 [3], 14.2, 14.21 *et seq.*). The court also erred in holding as a matter of law that claimant was entitled to no damage for loss of access, but we note that the case law was unclear in this respect when the decision was made in this case. The highest and best use of the property before the appropriation was commercial. Although the State contended that the highest and

best use of the remainder of the property after the taking was still commercial, claimant contended and the court found that the remainder was reduced to residential use only. Where change of access leaves property with access unsuitable for its highest and best use, the resulting loss is compensable (*Priestly* v. *State of New York*, 23 N Y 2d 152; *Jordan* v. *State of New York*, 33 A D 2d 1097). Whether the remaining access to claimant's property was suitable for its highest and best use before the appropriation is a question of fact for the court (*Lundquist* v. *State of New York*, 33 A D 2d 950; *Laken Realty Corp.* v. *State of New York*, 29 A D 2d 1027, 1028; *King* v. *State of New York*, 29 A D 2d 604; *Red Apple Rest.* v. *State of New York*, 27 A D 2d 417, 420). The evidence presented upon the trial is insufficient for a determination of the consequential damage resulting from the direct taking, and a determination must also be made of the effect of the taking upon the suitability of access. A new trial is, therefore directed at which the court should take the necessary additional evidence and include in its award for the direct taking an amount which fairly represents claimant's consequential damage by reason thereof, and determine whether the access to the remaining portion of claimant's property is suitable for its highest and best use before the appropriation, and if not, include in its award an amount sufficient to compensate claimant for such consequential damage. In arriving at its conclusion the court will, of course, be mindful of the overall value of claimant's property before the appropriation and the value of the remainder thereafter, so that there shall be no duplication of values in the award. (Appeal from judgment of the Court of Claims in claim for damages for permanent appropriation.) Present— Del Vecchio, J. P., Witmer, Gabrielli and Henry, JJ. [48 Misc 2d 340.]