ALAN P. GENGARELLY et al., Doing Business as J. BRIGATI-FINE FOODS, et al., Respondents, v GLEN COVE URBAN RENEWAL AGENCY et al., Appellants, et al., Defendant.

Second Department, July 23, 1979

APPEARANCES OF COUNSEL

*Koeppel Sommer Lesnick & Martone, P. C. (Saul R. Fenchel* and *Michael R. Martone* of counsel), for appellants.

*Meyer, English, Cianciulli & Peirez, P. C. (Robert M. Calica* of counsel), for respondents.

## OPINION OF THE COURT

*Per Curiam.*

Plaintiffs commenced this action, *inter alia,* to declare that the urban renewal plan of the City of Glen Cove, insofar as it affects plaintiff Gengarelly's premises and plaintiff Brigati's business, constitutes a taking of property for which just compensation is required. Defendants Glen Cove Urban Renewal Agency and the City of Glen Cove appeal from an order of the Supreme Court, Nassau County, which, *inter alia,* denied their motion to dismiss the complaint. The order should be affirmed.

■ We agree with Special Term that the dismissal of plaintiffs' earlier action was based upon its prematurity and not on the merits. Therefore, the instant complaint which alleges present injury is not barred by the doctrine of *res judicata.* The issue is whether the complaint states a cause of action against the City of Glen Cove and its urban renewal agency in connection with the urban renewal project which allegedly affects plaintiffs' property.

Plaintiffs own and operate a retail grocery store fronting on School Street in the City of Glen Cove in an area zoned exclusively for retail business. The only other access to plaintiffs' property is through ground level municipal and private parking areas located to the rear of the premises. Under the urban renewal plan, School Street will be closed to vehicular traffic (other than emergency vehicles) and turned into a pedestrian mall. Substituted for the ground level municipal parking at the rear of the premises will be a three-story municipal parking garage separated from the premises by a pedestrian plaza and facilities for short-term parking and loading and unloading of cars and trucks. However, access to the present loading dock at the south side of plaintiffs' building will be eliminated.

Since no portion of plaintiffs' property has been or will be taken, there is no claim for direct damages. Instead, plaintiffs allege in their complaint that implementation of the urban renewal plan deprives them and their customers of suitable

access to their grocery store for which they are entitled to compensatory damages. Appellants assert that the damages claimed by plaintiffs are noncompensable because the diminution (if any) in the retail value of their property resulted from the diversion of automobile traffic from School Street and not from loss of access. Special Term held that the complaint stated a cause of action for damages resulting from loss of suitable access and denied the motion to dismiss.

At Special Term, the adverse parties and the court all cited *La Briola v State of New York* (36 NY2d 328). The issue in *La Briola* was the compensability of a highway relocation which diverted traffic and thus eliminated retail business as the highest and best use of the claimant's property. The *La Briola* court found that the claimant's remaining access after the taking—a spur to the relocated highway—was suitable for a succeeding light industrial use and thus he was not entitled to compensatory damages. The court distinguished other situations where consequential damages are available *(supra,* p 332): "If the State's appropriation of highway-abutting land (true frontage), or the physical construction of the improvement itself, so impairs access to the remaining property that it can no longer sustain its previous highest and best use, then the State must pay consequential damages to the owner (see *Priestly v State of New York,* 23 NY2d 152, 155-157; *Lundquist v State of New York,* 33 AD2d 950; *Laken Realty Corp. v State of New York,* 29 AD2d 1027; *Red Apple Rest. v State of New York,* 27 AD2d 417, 420)."

Relying upon this paragraph and the cited cases, Special Term held that the damages alleged by the instant plaintiffs "are not the result of a non-compensable relocation of a highway and a diminution of the highest and best use of the property, but rather the result of an alleged municipal improvement which denies their property access suitable for its use."

■ We agree. Plaintiffs' situation is distinguishable from that of the claimant in *La Briola (supra)* since the issue here is suitability of access and not the loss of profitable traffic due to the relocation of a highway. It is hornbook law that a State or municipality may close a street, if acting under proper statutory authority, but a suitable means of access must be left an abutting owner or else he is entitled to compensation *(Egerer v New York Cent. & Hudson Riv. R. R. Co.,* 130 NY 108). What may be a suitable means of access is, of course, a

question of fact to be left to the trial court (see *Holmes v State of New York,* 279 App Div 489, 282 App Div 278).

LAZER, J. P., GULOTTA, SHAPIRO and COHALAN, JJ., concur.

Order of the Supreme Court, Nassau County, entered January 10, 1979, affirmed, with $50 costs and disbursements.