■ SADIE BAAN et al., as Coadministratrices of the Estate of ANDREW BAAN, Deceased, Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 57239.)—Appeal from a judgment in favor of claimants, entered October 20,

1978, upon a decision of the Court of Claims. In 1971, pursuant to section 30 of the Highway Law, the State appropriated certain portions of the claimants' real property. Prior to the taking, the claimants' land was used principally as a farm and consisted of 95.4 acres separated by a highway. For appraisal purposes, the appraiser for each party separated the appropriated real property into three parcels. The claimants' appraiser subdivided one parcel of the realty into three lots and, except for one lot consisting of woodland, found that the highest and best use for the property was a commercial use, such as a truck terminal, warehouse facility, industrial park or general warehouse distribution complex. The State's appraiser carved lots for home sites from the first and second parcels. As to those lots, that appraiser found that the highest and best use was for residential purposes. With respect to the remaining property, he found that except for the woodland lot, the highest and best use was a commercial or distribution type use. The claimants' appraiser found that the pretaking values of Parcel Nos. 1, 2 and 3 were $158,900, $31,700 and $61,000, and the aftervalue of each parcel was $25,225, $0 and $25,900. Thus, the claimants' appraiser found that the claimants had been damaged in the sum of $200,475. The State's appraiser allocated pretaking values in the amounts of $89,400, $16,850 and $84,380, and aftervalues in the amounts of $25,225, $700 and $84,380. Thus, according to him, the claimants had been damaged in the sum of $80,325. The Trial Judge found that the pretaking values were $134,071, $26,748 and $50,267 and that the aftervalues were $25,225, $0 and $35,596. Consequently, the Trial Judge awarded claimants damages in the amount of $150,265. On appeal, the State makes two arguments. First, the State contends that the Trial Judge adopted a pretaking highest and best use that was different than the pretaking highest and best use advanced by the claimants' appraiser. This being so, the State contends that the Trial Judge's reliance upon the estimates of value as found by the claimants' appraiser was error. Second, the State contends that the Trial Judge erred when he awarded consequential damages. With respect to its first argument, the State focuses upon the following statement in the opinion below: "After an evaluation of all of the relevant factors, both appraisers essentially agreed and the court now finds that at the time of the appropriation the highest and best use for claimant's land, then utilized as a homesite and farm, was for *limited* commercial, distribution use." (Emphasis added.) The State contends the statement indicates the Trial Judge found the pretaking highest and best use of the property was for a limited commercial use and not for the general commercial use as testified to by both appraisers. The record herein, however, clearly demonstrates that the Trial Judge adopted the highest and best use as advanced, in essence, by both appraisers, albeit his characterization of such use may have been imprecise. With respect to the property values found by the court, the testimony for both sides established a range of expert opinion supported by competent evidence, and the amounts arrived at by the court within that testimony should not be disturbed *(Sapia v State of New York,* 33 AD2d 821). Finally, the defendant contends the award of consequential damages was improper. Generally, if a taking renders access merely circuitous, but nevertheless still adequate for the pretaking highest and best use, a land owner is not entitled to consequential damages *(Priestly v State of New York,* 23 NY2d 152, 155-156). If, however, the facts established at the trial of the claim show that the access involved is more than merely circuitous so that it can be characterized as "unsuitable", compensability follows *(Priestly v State of New York, supra,* p 155). The claimants' appraiser testified that the posttaking access to certain

portions of the real property was inadequate for the pretaking highest and best use of the property. On this evidence, together with its view of the premises, the court had ample support for its finding of unsuitability. Thus, the award of consequential damages was proper. Judgment affirmed, with costs. Sweeney, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.