■ M. JEAN WOLLABER, as Executrix of MAUDE F. WOLLABER, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60738.) — Appeal from a judgment in favor of claimant, entered January 24, 1979, upon a decision of the Court of Claims. On this appeal we are solely concerned with the award of direct damages to 1.781 acres of the subject property and with an award for consequential damages to a part of the remainder of the

subject property. Regarding the 1.781 acres, claimant's appraiser testified that the highest and best use of that acreage was for potential residential strip development and utilizing six alleged comparable land sales he derived a unit market value of $2,800 per acre. The State's appraiser testified that the entire parcel containing the 1.781 acres had a highest and best use for some type of residential development and derived a value of $1,000 per acre. The Court of Claims employed a value of $2,500 in arriving at the direct damages to the 1.781 acres finding the highest and best use for potential residential strip development. Initially, the State argues that the court erred in concluding that the highest and best use of the acreage in question was for potential residential strip development. In view of the State's own appraiser's testimony as to the highest and best use of the entire parcel containing the subject acreage, we reject this contention. Upon review of the entire record, we also reject the State's contention that one of claimant's appraiser's comparable sales, which was heavily relied on by the court, was not supported by competent evidence. Although the appraiser testified on cross-examination that the sales allocation on the sale in his appraisal report was a Mr. Putnam's, he testified on direct that the sales allocation was something he and Mr. Putnam both did and both verified the sale. A fact question was thus presented for the court and, in our opinion, the court could properly conclude that the comparable sale was based on competent evidence. Accordingly, we conclude that the court's valuation was within the range of competent expert testimony and without legal error. It should not, therefore, be disturbed *(Baan v State of New York,* 75 AD2d 919; *Schwartz v State of New York,* 72 AD2d 490). Concerning the award of consequential damages, there is sufficient evidence in the record to support the court's finding that a deep roadside ditch along the frontage and the erection of a guardrail on part of the parcel resulted from the taking and reconstruction thus changing the previous highest and best use of residential strip development for part of the property to a highest and best use for agricultural purposes. Consequently, we find no reason to disturb the court's award for consequential damages to part of the remainder of the subject property. We have considered the State's remaining arguments and find them unpersuasive. The judgment should be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.