■ GORDON BEH, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 60990.) — Judgment modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: In 1953 claimant acquired approximately 80± acres of land located on both sides of New York State Route 104 in the Town of Webster, New York. Approximately one acre of improved land is located on the south side of the highway and the remainder lies north of the highway. Before the appropriation claimant had access to the northerly parcel from Route 104 and then by an uneven farm crossing over a railroad which runs parallel to the highway. Originally the northerly parcel was used for a dairy farm but shortly after claimant purchased the land he converted it to industrial uses in conjunction with his two businesses, digging and excavating and pumping septic tanks. In 1969 claimant purchased an additional 10 acres adjacent to the eastern border of the northern parcel and which extended to the Monroe-Wayne County Line Road. The Monroe-Wayne County Line Road intersects Route 104. Prior to the appropriation claimant had sold all but a 2.55± acre strip of this 10-acre residential property. The only improvements to the northerly parcel were six underground holding tanks used in the septic tank business and utility lines. In 1976 the State decided to expand Route 104 to a four-lane nonaccess highway and it appropriated .126± acres of land from claimant's southerly parcel for that purpose. There was no direct taking from the northerly parcel, but a new access was required as a result of the reconstruction. To compensate for the loss of access, claimant built a gravel road, 1,400 feet in length, over the residential strip of land to the Monroe-Wayne County Line Road. Expert witnesses for both parties testified that before the

taking the highest and best use of the northerly parcel was industrial. Claimant's appraiser contended that after the taking the required change in access made the property less desirable to some prospective industrial users and therefore diminished its value. Nevertheless, he testified, as did the State's appraiser, that the highest and best use of the northern parcel after the taking was industrial and the court so found. The State's appraiser found no consequential damages to the 80-acre parcel. The trial court awarded claimant $75,000 for direct and consequential damages. The State contests only the award of $56,000 consequential damages to the northern parcel. The judgment should be modified by eliminating the award of consequential damages to the property north of Route 104. In making its award, the court granted claimant $7,000 cost-to-cure damages for constructing a new access road to the northerly parcel. Although it found that the highest and best use remained the same after the taking as before, the court also awarded consequential damages finding that the change in access diminished the value of the land. Whether this diminished value was compensable, however, depends on whether the remaining access was suitable or unsuitable to the highest and best use. Damages may not be awarded for a change which results in an access which is "merely circuitous" even though the value of the property is diminished thereby (see *Priestly v State of New York,* 23 NY2d 152, 155). The determination of suitability is a question of fact and notably the trial court here did not make a finding that claimant's access was unsuitable. The evidence supports a finding that it was not unsuitable and therefore we modify by eliminating the consequential damages improperly awarded for circuity of access. All concur, except Hancock, Jr., and Moule, JJ., who dissent and vote to affirm the judgment in the following memorandum.

Hancock, Jr., and Moule, JJ. (dissenting). Claimant's property is divided by Route 104 and a set of railroad tracks with 82.55± acres on the north side and 1± acre on the south side (south parcel). The south parcel was zoned residential but enjoys a pre-existing nonconforming industrial use. The 82.55± acres on the north side of Route 104 is divided into 80± acres zoned industrial (north parcel) and 2.55± acres zoned residential. The 2.55± acres are located in a position that links the north parcel with the Monroe County Line Road. The north parcel was connected to Route 104 by way of a dirt road that crossed the railroad tracks. This dirt road was located opposite the south parcel so that claimant could travel between the south and north parcel by crossing Route 104. While there was no appropriation of the north parcel, claimant lost direct access to it from Route 104 which was expanded and made a limited access highway. The expansion of Route 104 would have left the north parcel totally landlocked except that claimant obtained zoning approval for and constructed, at his own expense, a new access road on the 2.55± acres connecting the north parcel to the Monroe County Line Road. With the new access road claimant could still reach Route 104 from the north parcel by traveling south on the Monroe County Line Road to where it intersected Route 104. The appropriation consisted of a striptaking of .126± acres along the frontage of the south parcel where a parallel access road south of Route 104 was added. Consequently claimant also lost direct access to Route 104 from the south parcel; however, he could still reach Route 104 by traveling approximately one-half mile either east or west along the access road to a point where it intersected Route 104. Claimant's appraiser testified that before the appropriation the highest and best use of the north parcel was any type of industrial use such as an industrial park. However, as a result of the loss of direct access onto

Route 104, requiring the longer indirect access by way of a secondary road, he testified only heavier industrial users with need for the railroad and not visibility or direct customer service would be attracted to the property. He further testified that the potential for development was reduced by the lack of direct access, concluding that the property had suffered $718 per acre in damages. After viewing the property, the court held that claimant was entitled to $7,000 for the cost of the new access road which cured lack of any access to the north parcel and $700 per acre in consequential damages to the north parcel caused by the lack of direct access. The State contends that the court erred as a matter of law in according both the consequential damages for lack of direct access and the cost of the new access road which prevented the north parcel from being completely landlocked. Claimant may recover damages for loss of direct access if the new access is unsuitable for the highest and best use of the property and not merely circuitous *(Priestly v State of New York,* 23 NY2d 152, 156, 157). Whether the remaining access is suitable is a question of fact *(Priestly v State of New York, supra,* p 155; *Slepian v State of New York,* 34 AD2d 880, 881). Here, there was evidence that the highest and best use had been diminished from any type of industrial development to limited heavy industrial development, as well as a decrease in development potential. The property is not isolated, far away from any commercial center, but is within two and one-half miles of the Village of Webster's business district, and is located on one of the two major highways servicing the Township of Webster. It is close to a major manufacturing facility operated by Xerox as well as several other industrial facilities on the Monroe-Wayne County border. In addition, consideration should be given to the fact that, in applying the evidence and determining what weight should be given to it, the court had the advantage of viewing the premises *(Wagner v State of New York,* 25 AD2d 814). It has been well established in this court that, if the award is within the testimony of the experts and the record supports the trial court's determination, it should not be modified *(Matter of City of Rochester v BSF Realty,* 59 AD2d 1035; *Matter of Rochester Urban Renewal Agency [Siebert Sons],* 55 AD2d 1035, 1036; *Mobil Oil Corp. v State of New York,* 52 AD2d 1032; *Brown v State of New York,* 52 AD2d 1079; *Miller Paper Co. v State of New York,* 34 AD2d 880, 881). Accordingly, the judgment should be affirmed. (Appeal from judgment of Court of Claims — appropriation.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.