■ ANTHONY SCHREIBER et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 60747.) — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Claimants are the owners of two parcels of land divided by a railroad right of

way in the Town of Webster used in a family agriculture, dairy and meat sales business. All the improvements were located on the 14-acre parcel located south of the railroad. The second parcel, consisting of 187 ± acres, was located north of the railroad line and was used for pasturing and gardening. The two parcels were connected by a railroad crossing (both were accessible also from highways) and as a result of the State's taking of 4.643 ± acres from the southerly parcel, claimants lost the use of the railroad crossing. The Court of Claims awarded claimants $310,545 for direct and consequential damages. On this appeal the State challenges only the inclusion in the award of $93,500 representing $500 per acre damages for consequential injury to the northerly parcel. The northerly parcel was zoned industrial and the southern parcel residential with a nonconforming agricultural use. Both appraisers agreed, and the court found, that the northerly and southerly parcels had a highest and best use, both before and after, of agriculture with a potential for future (10-20 years hence) industrial use to the northern parcel. The trial court apparently accepted the opinion of claimants' appraiser of consequential damages to the northerly parcel based on an assertion that both parcels were used in an "integrated" farm operation and, by separating the two parcels, the utility of the northerly parcel was reduced. Without explanation the trial court found that the before value of the northerly parcel was $4,000 per acre and the after value was only $3,500. However, neither the trial court nor claimants' appraiser treated the two parcels of property as a unit since both used a different highest and best use for each parcel, a different comparable sales for each parcel, and a different unit value for each parcel (compare *Matter of Board of Supervisors of County of Monroe v Sherlo Realty,* 32 Misc 2d 579, affd 19 AD2d 590, affd 13 NY2d 1172). The northerly parcel was valued on the basis of industrial sales, a use not affected by a direct taking of a portion of the southerly parcel. The taking had no compensable effect on the industrial value of the northerly parcel since it remained as before with extensive access from two roads and the loss to claimants' agricultural business, if any, because of the loss of the railroad crossing may not serve to justify a finding that the northerly parcel sustained consequential damages (see *Strong v State of New York,* 38 AD2d 241, 244). The judgment is modified by deleting the amount of $93,500 awarded for consequential damages. (Appeal from judgment of Court of Claims, Quigley, J. — appropriation.) Present — Dillon, P. J., Simons, Hancock, Jr., Moule and Schnepp, JJ.