■ CHEMUNG CANAL TRUST COMPANY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64186.) — Appeal from an order of the Court of Claims (Hanifin, J.), entered December 23, 1981, which denied the State's motion to dismiss the claim. In 1970, claimant Chemung Canal Trust Company acquired a 2.1-acre parcel in the City of Elmira bounded on the west by State Street, the east by Baldwin Street and the south by East Water Street. By 1972, it had constructed on the southerly portion a six-story bank and office building, and

on the northerly portion of the parcel, two separate drive-in teller structures which were linked to the main building by an underground tunnel. The remaining land was primarily devoted to use as a parking facility. Prior to the taking by the State, users of claimant's drive-in teller facilities were provided ingress and egress through driving lanes entering from .State Street and exiting at Baldwin Street. In 1977, the State appropriated a portion of State Street bordering claimant's land, resulting in complete loss of access to that street. Left unaffected was claimant's access to Baldwin and Water Streets and to Market Street on the north via an alleyway known as Exchange Place. Claimant brought a claim for consequential damages based upon its loss of access to State Street. The State moved to dismiss the claim on the ground that it failed to state a cause of action, and it is from the Court of Claims denial of the motion that the State now appeals. The State argues that, as a matter of law, since there was no direct taking of any of claimant's property and claimant retained access to three other public streets, any injury claimant sustained as a result of loss of access to State Street by the taking and closing of that street is nothing more than the inconvenience to its banking business, which is not compensable. We disagree. First, the fact that the taking and closing of State Street did not involve any direct taking of plaintiff's land does not preclude recovery in damages if, through that taking, claimant's property was in fact deprived of suitable access. Similar facts were presented in *Gengarelly v Glen Cove Urban Renewal Agency* (69 AD2d 524, 526), where the court held: "It is hornbook law that a State or municipality may close a street, if acting under proper statutory authority, but a suitable means of access must be left an abutting owner or else he is entitled to compensation". The issue then becomes whether claimant's remaining avenues of ingress and egress to public streets conclusively establish that it continued to have suitable access following the taking, so as to defeat its claim. On the basis of the papers before us, we cannot say that, as a matter of law, the access to three other streets after the taking of access to State Street was merely circuitous or inconvenient and not unsuitable. Unsuitability of access is not to be determined in the abstract, but in relation to the need for access inherent in the highest and best use of the property (see *Priestly v State of New York,* 23 NY2d 152, 156). What constitutes the highest, best use and access suitable for such use is generally a question of fact (*id.,* at p 156; *Gengarelly v Glen Cove Urban Renewal Agency, supra,* pp 526, 527). The affidavit of claimant's president submitted in opposition to the motion states that to be competitive in up-State New York, a commercial bank must have drive-in facilities. It explains in detail why access to Water Street, Baldwin Street and Exchange Place was not merely inconvenient but unfeasible for use of claimant's drive-in teller facilities, and further states that after the taking, the bank had to acquire additional property and make extensive improvements in order to continue its drive-in teller services. Such evidence could support a finding that the highest and best use of claimant's property was as a bank with drive-in teller facilities and that the access remaining after the taking of State Street was unsuitable (cf. *Columbus Holding Corp. v State of New York,* 36 AD2d 674; *Lundquist v State of New York,* 33 AD2d 950; *Jordan v State of New York,* 33 AD2d 1097). *La Briola v State of New York* (36 NY2d 328), relied upon by the State, is inapposite. There, the Court of Claims found that the loss of highest and best use was attributable to relocation of the main highway away from the claimant's property, and not the loss of access arising from the closing of the former highway. For all of the foregoing reasons, the order of the Court of Claims should be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Weiss and Levine, JJ., concur.