■ S. E. LEASING, INC., Appellant, v STATE OF NEW YORK, Respondent.—Mahoney, P. J. Appeal from a judgment in favor of claimant, entered September 15, 1987, upon a decision of the Court of Claims (Hanifin, J.).

Claimant owns a parcel of property which fronts on the south side of State Route 23 in the Village of Stamford, Delaware County. On this property is an auto service station consisting of a one-story building with an office, storage area, two service bays and a two-gasoline pump island between the building and the road. Claimant also owned an easement over the adjoining property to the east which was used for, *inter alia,* driveway access to the subject property. Pursuant to a written lease, claimant rented the property, which was subsequently sublet and used as an auto service station, including gasoline sales.

As part of its reconstruction of Route 23, the State appropriated parts of the subject property and the adjoining parcel where the driveway easement was located. Following these takings, access to the subject property was changed and maneuverability around the gas pump island was diminished. To cure these conditions, claimant spent $24,895.

At the hearing on its claim, claimant argued, *inter alia,* that its property had a $79,500 before-appropriation value and a $40,000 after-appropriation value, resulting in $39,500 in damages, and that it was entitled to $24,895 as the cost of

cure. The State opposed these contentions. The Court of Claims concluded that the highest and best use of the property as a gasoline sales and auto service station was unchanged by the taking and that access to the subject property was adequate after the taking. The court denied the $24,895 cost of cure claim, but found that the value of the property was reduced from $40,000 to $37,450 by the appropriation and awarded claimant $2,550 in damages. Claimant appeals from the judgment entered thereon.

We reject claimant's contention that the Court of Claims erred in setting the property's before-appropriation value at $40,000. The court's assessment was not based on an incorrect computation of the income approach to valuation as suggested by claimant, but on several factors. For example, the court analyzed in detail the parties' appraisals and explained their strengths and weaknesses in accepting and rejecting specific comparables (see, 51 NY Jur 2d, Eminent Domain, § 197 et seq.), as well as considered the income from claimant's lease for the property. Moreover, the value determined by the court is within the range established by the parties' experts, who agreed that the highest and best use for the property before the taking was as an auto service station (see, Wollaber v State of New York, 80 AD2d 706, 707). Under these circumstances, we find no reason to disturb the court's assessment of the property's before-appropriation value.

There also is no merit to claimant's argument that it is entitled to $24,895 as a cost of cure. The record supports the Court of Claims' conclusion that access to the property was adequate following the appropriation. It further appears that the problems associated with maneuverability around the gas pump island resulted from the construction of a raised curb and sidewalk between the subject property and Route 23 which occurred solely within the State's right-of-way. Cost of cure damages are available only to restore damage caused by the taking (see, 51 NY Jur 2d, Eminent Domain, § 293, at 451-452) and claimant cannot be compensated for damages resulting from the State using its property. As astutely noted by the Court of Claims, "the culprit here is not the State of New York but claimant's predecessor in title who, at some time in the past, constructed the pump island and the building on the subject property too close to the highway boundary". As the court further noted, the repairs made by claimant went far beyond those necessary to mitigate any damage. Accordingly, we conclude that the claim for cost of cure was properly denied.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.