■ In the Matter of COUNTY OF ROCKLAND, Relative to Acquiring Title to Property Requiring Flooding, Drainage, and Flood Control, Appellant. KOHL INDUSTRIAL PARK Co., Respondent.—In a condemnation proceeding, the condemnor appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County (Marbach, J.), entered October 31, 1986, as after a nonjury trial, awarded the claimant consequential damages in the principal sum of $538,550.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The claimant Kohl Industrial Park Co. owned a 61.43-acre parcel of land in the Town of Clarkstown which was zoned "LIO" for light industry, light manufacturing, warehouses, laboratories and similar uses. The parcel had access on both Alice Drive and Smith Road. On August 31, 1981, the county acquired 31.272 acres of the parcel which fronted on Alice Drive, thereby eliminating any access to the remaining property from that street. After the taking, the only possible access to the claimant's property was from Smith Road. At trial, both the claimant and the county agreed that the highest and best use of the property both before and after the taking was development as an industrial park in accordance with "LIO" zoning. The claimant produced the expert testimony of a traffic engineer that, prior to the taking, Alice Drive, because of its physical characteristics, could support the traffic generated by an industrial park on the entire 61.43 acres. However, the expert testified further that Smith Road, because of its narrower width, slopes, sharp turns and adverse grades, could only support the traffic generated by an industrial park of 8.9 acres. This testimony was uncontroverted and accepted by the trial court in computing and awarding consequential damages resulting from the change in access to the property.

It is the contention of the county that a change in access as a result of the taking which does not change the highest and best use of the property does not result in compensable consequential damages. On the other hand, the claimant contends that where the change in access diminishes the degree or intensity of development, even though the broad category of highest and best use remains the same, there are compensable consequential damages. We find the claimant's position persuasive and supported by decisional law and we affirm the award of consequential damages.

In *Priestly v State of New York* (23 NY2d 152), the Court of Appeals dealt with a similar situation, i.e., a condemnation which eliminated 1 of 2 avenues of access to a parcel of land. The court began its analysis by considering whether the remaining access was merely circuitous or inconvenient, which would not give rise to consequential damages, or if the remaining access was unsuitable, thereby giving rise to consequential damages. The court cautioned that these terms are not mutually exclusive and that access which is circuitous may also be unsuitable. Suitability is defined as "that which is adequate [for] the requirements of or answers the needs of a particular object" *(Priestly v State of New York, supra,* at 156). The question of suitability is a factual one directly related to the highest and best use of the property *(Priestly v State of New York, supra; Gengarelly v Glen Cove Urban Renewal Agency,* 69 AD2d 524) as determined before the taking *(Baan v State of New York,* 75 AD2d 919). In *Priestly,* since the remaining access would not support the degree of developmental potential that existed before the taking, the claimant was entitled to consequential damages.

Consequential damages have been properly awarded in many cases where the remaining access has reduced the potential development of property *(see, e.g., Chemung Canal Trust Co. v State of New York,* 90 AD2d 889 [drive-in bank facility]; *Matter of Saratoga County Sewer Dist. #1 v Gordon,* 101 AD2d 966 [less suitable for commercial purposes]; *Banos v State of New York,* 54 AD2d 1077 [from unlimited to limited industrial development]; *Laken Realty Corp. v State of New York,* 29 AD2d 1027 [industrial development]; *Tauzel v State of New York,* 82 AD2d 933 [farmland]).

Of particular relevance in evaluating the county's principal contention are *Beh v State of New York* (81 AD2d 744, *revd* 56 NY2d 576) and *Schreiber v State of New York* (86 AD2d 754, *revd* 56 NY2d 760). In *Beh,* the Court of Claims had awarded $56,000 in consequential damages to the northerly parcel as the result of change of access from the taking. A majority of the Appellate Division, Fourth Department, reversed the award of consequential damages, noting that both appraisers and the court had found that the highest and best use of that parcel was industrial both before and after the taking. The dissenting Justices voted to affirm the award of consequential damages on the basis that the remaining access diminished the acceptable use from all types of industrial uses to heavy industrial use only and thereby decreased the development

potential. The Court of Appeals reversed upon the dissenting memorandum.

In *Schreiber*, the claimants owned two parcels of land which were divided by a railroad right-of-way and were used together as a farm. The two parcels were connected by a railroad crossing. As a result of the taking, the claimants lost the use of the crossing, but did have access to the parcels from highways. Although the northerly parcel was used for pasturing and gardening, it was zoned for industrial uses. The Court of Claims awarded $93,500 in consequential damages for the taking of the northerly parcel. The Appellate Division, Fourth Department, deleted these consequential damages since there had been no change in the highest and best use. The Court of Appeals reversed the order of the Appellate Division, Fourth Department, and reinstated the judgment of the Court of Claims, holding that since the access to the northerly parcel was unsuitable, the claimant was entitled to consequential damages.

It is obvious from the foregoing cases that, contrary to the claim of the county, consequential damages may be awarded even though there has not been a change in the highest and best use of the remaining property, if the claimant can establish a diminution in the potential development of that use. Accordingly, we find the award of consequential damages in this case appropriate. Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.