TOWN HALL REALTIES, Appellant, v RAYMOND W. KELLY et al., Respondents. [895 NYS2d 210]—

In an action, inter alia, to recover damages for public nuisance and private nuisance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated December 19, 2008, as granted those branches of the defendants' renewed motion which were for summary judgment dismissing the second, third, and fifth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' renewed motion which were for summary judgment dismissing the second and fifth causes of action and substituting therefor a provision denying those branches of the renewed motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

Preliminarily, contrary to the plaintiff's contention, the Supreme Court properly considered the defendants' renewed motion for summary judgment. The renewed motion, although made after the 60-day deadline established by rule 13 of the Uniform Civil Term Rules for the Supreme Court, Kings County, was by leave of the court for good cause shown (*see Tray-Wrap, Inc. v Pacific Tomato Growers, Ltd.*, 61 AD3d 545, 546 [2009]; *Wider v Heller*, 24 AD3d 433, 434 [2005]; *cf. Brill v City of New York*, 2 NY3d 648, 652 [2004]).

The Supreme Court, however, erred in granting those branches of the defendants' renewed motion which were for

summary judgment dismissing the causes of action to recover damages for public nuisance and loss of access. In particular, with respect to the public nuisance cause of action, the defendants failed to demonstrate, prima facie, that the closing of the subject portion of a certain public road did not constitute a "substantial interference with the exercise of a common right of the public" (*532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 292 [2001]; *see* Restatement [Second] of Torts § 821B, Comment g). Moreover, with respect to the claim for consequential damages for loss of access, although the defendants established, prima facie, that the loss of access to a certain building through the closed portion of the road did not leave plaintiff without a suitable means of access to the building (*see Gengarelly v Glen Cove Urban Renewal Agency*, 69 AD2d 524, 526 [1979]), the plaintiffs raised a triable issue of fact in opposition (*id.*; *see Matter of County of Rockland [Kohl Indus. Park Co.]*, 147 AD2d 478, 479 [1989]; *cf. Priestly v State of New York*, 23 NY2d 152 [1968]).

The Supreme Court properly granted that branch of the defendants' renewed motion which was for summary judgment dismissing the cause of action to recover damages for a private nuisance. The defendants established, prima facie, that the closing of the subject portion of the public road was not unreasonable (*see Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410, 412 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*id.*; *cf. Donnelly v Nicotra*, 55 AD3d 868, 869 [2008]). Fisher, J.P., Florio, Belen and Hall, JJ., concur.