■ KANIC REALTY ASSOCIATES, INC., Respondent-Appellant, v SUFFOLK COUNTY WATER AUTHORITY, Appellant-Respondent. [14 NYS3d 138]—

In an action to recover damages for negligence, private nuisance, and public nuisance, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated October 3, 2013, as denied that branch of its cross motion which was for summary judgment dismissing the third cause of action, and the plaintiff cross-appeals, as limited by its brief, from stated portions of the same order which, inter alia, denied those branches of its motion which were to strike the defendant's answer pursuant to CPLR 3126 or preclude the defendant from submitting certain proof, and for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On January 23, 2009, a three-story residence owned by the plaintiff became inundated with water after certain sprinkler pipes ruptured. The plaintiff commenced this action to recover damages for negligence, private nuisance, and public nuisance. The plaintiff alleged, inter alia, that the pipe ruptures and the resulting flood damage were caused by a surge of water pressure emanating from the water lines, plants, pipes, pumps, and other equipment owned and operated by the defendant.

Contending that the defendant intentionally delayed and failed to comply with certain discovery demands and orders, the plaintiff moved to strike the defendant's answer or preclude the defendant from submitting proof denying that it was on notice of the condition that allegedly caused the damage. Alternatively, relying, inter alia, on deposition testimony, expert affidavits, and certain documents provided by the defendant, the plaintiff moved for summary judgment on the issue of liability. Thereafter, the defendant cross-moved, inter alia, for summary judgment dismissing the third cause of action, which alleged a public nuisance. In the order appealed from, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was to strike the defendant's answer or preclude the defendant from submitting certain proof, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and denied that branch of the defendant's cross motion which was for summary judgment dismissing the third cause of action.

"The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court" (*Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 127 AD3d 911, 913 [2015]; *see* CPLR 3126 [3]; *Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 924 [2012]). "[T]he drastic remedy of the striking of a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious" or in bad faith (*Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010] [internal quotation marks and citations omitted]; *see Pirro Group, LLC v One Point St., Inc.*, 71 AD3d 654, 655 [2010]; *Workman v Town of Southampton*, 69 AD3d 619, 620 [2010]; *see also Docteur v Interfaith Med. Ctr.*, 90 AD3d 814, 815 [2011]).

Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to strike the defendant's answer or preclude the defendant from submitting certain proof. The plaintiff failed to make a clear showing that the defendant engaged in a willful and contumacious pattern of noncompliance in failing to produce certain witnesses (*see Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *Orgel v Stewart Tit. Ins. Co.*, 91 AD3d at 923).

The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability. While the plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law by

submitting, among other things, affidavits from experts who opined that the ruptures in the piping, and the resulting flood damages, were caused by pressure surges emanating from the equipment owned and operated by the defendant, the defendant, in opposition, raised a triable issue of fact through the affidavit from its expert, who opined that the pipes ruptured because the sprinkler system froze due to a lack of sufficient heat in the building, not because of elevated water pressure. The conflicting expert affidavits raised a triable issue of fact as to the cause of the pipe ruptures (*see Mangano v Town of Babylon*, 111 AD3d 801, 802 [2013]; *Gleeson-Casey v Otis El. Co.*, 268 AD2d 406, 407 [2000]).

Further, contrary to the defendant's contentions, the Supreme Court did not err in denying that branch of its cross motion which was for summary judgment dismissing the cause of action to recover damages for public nuisance. The defendant failed to demonstrate, prima facie, that the alleged acts and omissions regarding the maintenance and operation of its water lines, pipes, plants, and other equipment did not constitute a substantial interference with the exercise of a common right of the public (*see 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 292 [2001]; *Town Hall Realties v Kelly*, 70 AD3d 1032, 1033 [2010]). Merely pointing to gaps in the plaintiff's proof did not establish that the defendant was entitled to summary judgment dismissing the third cause of action (*see Montemarano v Atlantic Express Transp. Group, Inc.*, 123 AD3d 675, 675-676 [2014]; *Vittorio v U-Haul Co.*, 52 AD3d 823 [2008]). Consequently, that branch of the defendant's cross motion was properly denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.