Bellemore Ave. Casa, LLC v State of New York (2022 NY Slip Op 06900)

Bellemore Ave. Casa, LLC v State of New York

2022 NY Slip Op 06900

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
JOSEPH A. ZAYAS, JJ.

2019-08289

[*1]Bellemore Ave. Casa, LLC, appellant, 
v
State of New York, respondent. (Claim No. 121388)

Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Richard P. Cronin of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages arising from a taking of real property, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated April 9, 2019. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing so much of the claim as sought consequential damages with respect to a certain parcel of real property known to the parties herein as Lot 9.3, and denied that branch of the claimant's cross motion which was, in effect, for summary judgment on the same portion of the claim.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Prior to 1970, the claimant's predecessor owned a parcel of land that abutted State
Route 111 in Hauppauge. In 1970, the defendant, the State of New York, appropriated a certain portion of the predecessor's property, known as Lot 54, to facilitate improvements to Route 111. The predecessor's property was subsequently subdivided, and the predecessor sought approval to construct a three-story office building on one of the resulting parcels, known as Lot 9.3. Since Lot 54, owned by the defendant, was between Lot 9.3 and Route 111, Lot 9.3 did not abut, and had no access to, Route 111. Thus, in 1973, the predecessor obtained a highway work permit from the New York State Department of Transportation (hereinafter DOT), which allowed the predecessor to construct and use a driveway leading from Route 111, through Lot 54, and onto Lot 9.3. The highway work permit included a provision stating that the DOT "reserves the right to suspend or revoke this permit, at its discretion without a hearing or the necessity of showing cause." In 1976, the predecessor sought to construct another office building on another parcel that resulted from the subdivision, known as Lot 9.5, and it obtained a second highway work permit, allowing it to add to the existing driveway a new branch, leading from Lot 54 to Lot 9.5.
In 2007, the claimant acquired Lot 9.3, and sought approval to build condominium units on that parcel. Before purchasing Lot 9.3, the claimant obtained a title report, and the title insurance company stated in its insurance policy that it was excepting from coverage all expenses incurred by the insured "for the resolve [sic] of access easement required to be obtained for access to lot 9.3 for Tax Lot 54 as fee ownership is current [sic] with New York State." The policy further [*2]explained that the State had acquired title to Lot 54 in fee simple absolute, "effectively landlocking lot[ ] 9.3," and thus "[n]o access can be insured" from Lot 9.3 to Route 111.
The defendant subsequently undertook further improvements to Route 111, and, in 2010, it determined that it needed to enlarge a drainage basin on Lot 54, and that this project required the removal from that parcel of the branch of the driveway that led to Lot 9.3. Thus, the DOT revoked the 1973 highway work permit, and the defendant closed the portion of the driveway leading to Lot 9.3. As a result, the only remaining access to Lot 9.3 from Route 111 is by means of traversing the driveway to Lot 9.5, and proceeding through the parking lot on Lot 9.5 and into the connected parking lot on Lot 9.3.
In 2012, the claimant commenced this claim, alleging, inter alia, that the removal of the branch of the driveway leading to Lot 9.3 deprived its property of suitable access to Route 111, resulting in a de facto taking that entitled it to compensatory damages. The defendant moved, among other things, for summary judgment dismissing so much of the claim as sought consequential damages relating to Lot 9.3, and the claimant cross-moved, inter alia, in effect, for summary judgment on the same portion of the claim. The Court of Claims, among other things, granted that branch of the defendant's motion and denied that branch of the claimant's cross motion. The claimant appeals.
Where the State or another condemning authority takes action such as appropriating roadside land or closing a roadway, an owner of abutting property is entitled to compensation in the form of consequential damages if the property is left without a suitable means of access to the roadway (see La Briola v State of New York , 36 NY2d 328, 332; Priestly v State of New York , 23 NY2d 152, 155-156; Chemung Canal Trust Co. v State of New York , 90 AD2d 889, 890; Gengarelly v Glen Cove Urban Renewal Agency , 69 AD2d 524, 526).
Here, the Court of Claims correctly determined that there was no taking that would trigger a requirement that the claimant be compensated. Since the 1973 highway work permit was, by its own terms, freely revocable by the DOT, it did not vest the claimant with any property interest (see Benderson Dev. Co. v State of New York , 60 AD2d 986, affd 46 NY2d 717), and, unlike a typical abutting property owner, the claimant could not have entertained a reasonable expectation that its property would continue to have access to Route 111. Indeed, at the time it purchased Lot 9.3, the claimant was reminded by its title insurance company that Lot 9.3 was effectively landlocked, and that access to that parcel from Route 111 could not be insured. Thus, the claimant never had a protected right to access to Route 111. Moreover, in closing the portion of the driveway that led to Lot 9.3, the defendant was not acting in its capacity as a condemning authority, but engaging in activity on property that it already owned, which it deemed incompatible with the continued existence of that portion of the driveway.
Accordingly, under the particular circumstances of this case, the Court of Claims properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the claim as sought consequential damages with respect to Lot 9.3, and properly denied that branch of the claimant's cross motion which was, in effect, for summary judgment on the same portion of the claim.
The claimant's remaining contention is without merit.
DUFFY, J.P., IANNACCI, RIVERA and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court