## FOURTH DEPARTMENT, MAY, 1980

### (May 9, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLARD ENGLISH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of robbery, second degree, burglary, second degree, and criminal mischief, fourth degree, and he was sentenced as a second felony offender to 7½ to 15 years on each of the first two counts and to one year for criminal mischief, to run consecutively. The crime consisted of breaking into an elderly woman's home, knocking her down, tying her up and taking money from her. Defendant presents seven principal arguments for reversal or modification of the judgment, each of which we find to be without merit. We agree that the People erred in failing to preserve a record of the photographic array presented to the victim five days after the crime in their efforts to identify the criminal. Nevertheless, the later lineup identification was not suggestive and the evidence of the victim's opportunity to view the defendant during the crime and her emphatic identification of him at the lineup and at court were sufficient to overcome the failure of the People to preserve evidence of the photographic identification. The remarks of the prosecutor in summation, commenting on defendant's unemployment and suggesting that for the jury to return a verdict of not guilty they would have to disbelieve the police officers, were not error in view of the evidence and the summation by defendant's attorney. On direct examination of defendant's parole officer, his attorney brought out the fact that defendant was unemployed, and the prosecutor was fully justified in commenting on that evidence in the record. In light of the attack on the police testimony by defense counsel in his summation, the reference by the prosecutor about disbelieving the police was not error because the prosecutor did not suggest that the jury could consider that the police have given an oath of office as public servants, references to which by a prosecutor have been held to be prejudicial to a defendant. The prosecutor did not argue that special weight should be given to the police testimony because of their official positions. In the absence of a special request by defendant to charge with respect to the evaluation of identification testimony and an objection or exception to the charge, we find no error in the charge. Nor did the prosecutor err in asking the alibi witness whether after learning of defendant's arrest she had told anyone, including the police, of the alibi facts to which she testified. There was no intimation in the questions that the witness had a duty to report to the police or the District Attorney, and the questions were clearly directed to whether the alibi was of recent fabrication (see *People v Knox,* 71 AD2d 41). Moreover, the defendant did not object to the questions. The court's *Sandoval* ruling (34 NY2d 371) was an exercise of discretion in balancing the right of the People to bring out defendant's criminal record as bearing on his credibility and the right of the defendant to be protected against evidence unduly showing his propensity to commit the type of crime for which he was on trial (see *People v Mayrant,* 43 NY2d 236, 239). The court ruled that it would exclude evidence of defendant's prior crimes of violence but would permit evidence of his

attempted possession of stolen goods and of burglary, and this was proper (see *People v Hendrix,* 44 NY2d 658). There is no support for defendant's contention that at sentencing the court was required to ask the defendant not only whether he was the person convicted of the prior crime but also whether he wished to controvert the constitutionality thereof even though without doing so he waived the right. Defendant was represented by counsel, and the record shows that he was fully informed of the facts of the prior felony upon which his sentence as a second felony offender was to be predicated; and the court had no further duty to assist him *(People v Linderberry,* 55 AD2d 992; *People v Gonzales,* 54 AD2d 1070; *People v Bryant,* 47 AD2d 51, 63). Defendant's presentence report reveals that he has been repeatedly involved in robberies, burglaries and other crimes; and we find that the sentence was not excessive. (Appeal from judgment of Monroe County Court—robbery, second degree, and other charges.) Present—Cardamone, J. P., Simons, Schnepp, Doerr and Witmer, JJ.