■ Bonomo Culture Institute, Inc., Appellant, v Fawcett Marketing Services, a Service of CBS Publications, et al., Respondents. — Order, Supreme Court, New York County (Cahn, J.), entered January 28, 1981 granting defendants' motions to dismiss the amended complaint as to the claim of unfair competition and directing the entry of judgment in favor of defendants with respect to said claim, and granting defendants' motions to dismiss the amended complaint as to the claim of appropriation of trade secrets, without prejudice to plaintiff serving a second amended complaint, is unanimously affirmed, with costs. We construe the court's dismissal of the unfair competition claim as relating to the claim (abandoned by plaintiff on this appeal) of passing off defendant Globe's books as those of plaintiff. As there is no appeal by defendants, we do not consider whether the last sentence of CPLR 3211 (subd [e]) governing leave to replead had been complied with. Concur — Kupferman, J. P., Sullivan, Markewich and Silverman, JJ.

■ The People of the State of New York, Respondent, v Henry Corey, Appellant. — Judgment, Supreme Court, New York County (Leff, J., at plea and sentence; Goldman, J., on suppression motion), rendered on June 19, 1979, convicting defendant of attempted criminal possession of a dangerous weapon in the third degree and sentencing him as a predicate felony offender to an indeterminate term of one and one-half to three years, unanimously modified, on the law, to vacate the sentence and remand for further proceedings pursuant to CPL 400.21 (subd 3). We are not persuaded that defendant's acknowledgment at the time he entered his plea that he was to be sentenced as a predicate felony offender constituted a waiver of his right to controvert the predicate felony statement in accordance with the procedures set forth in CPL 400.21. It is appreciated that a Judge who enters a negotiated plea on the basis of the express understanding of the defendant that he is to be sentenced as a predicate felony offender should regard as an imposition on the court defendant's effort to dispute that status on the day of sentence. We note that procedural steps are available to the Judge taking the plea to secure an effective waiver of the right to challenge the predicate felony statement. (See *People ex rel. Colon v Reid,* 70 AD2d 893; *People v Bryant,* 47 AD2d 51.) The record here seems to us to fall short of that which would be required to secure such a legally effective waiver. Accordingly, the sentence is vacated and the case remanded for further proceedings in accordance with CPL 400.21 (subd 3). We intimate no view whatever as to the merit of the defendant's challenge to the predicate felony statement. And, of course, if it should be determined that defendant was not a predicate felony offender, it would clearly be appropriate under the circumstances for the District Attorney to move to vacate the plea that was entered into on the understanding that he would be sentenced as one. Concur — Sandler, J. P., Carro, Lupiano, Bloom and Milonas, JJ.

■ Dominick Miano et al., Respondents, v Westchester Gulf Service Station, Appellant. — Judgment, Supreme Court, Bronx County (Mercorella, J.), entered on January 27, 1981, unanimously modified, on the law and the facts, to the extent of reversing the judgment in favor of plaintiff Anna Miano and a new trial ordered on the issue of damages awarded to said plaintiff, unless plaintiff Anna Miano, within 20 days after service upon her of a copy of the order to be entered herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $10,000 and to the entry of an amended judgment in accordance therewith. If plaintiff Anna Miano so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Kupferman, J. P., Sullivan, Markewich and Asch, JJ.