■ LEONARD TEBOR, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62216.) — Judgment unanimously affirmed, with costs. Memorandum: In this appropriation proceeding, the trial court acted within its discretion in reopening the case, before decision, for the receipt of further evidence concerning the suitability of substitute access (8 Carmody-Wait 2d, NY Prac, § 59.27). The award for consequential damages was proper since it was based upon the court's determination that the substitute means of access was unsuitable for the highest and best use of the property and not merely circuitous (*Priestly v State of New York*, 23 NY2d 152; *Beh v State of New York*, 56 NY2d 576, 578, revg on dissent at 81 AD2d 744). Finally, we find no error in the award of consequential damages for the cost of a new waterline along the right of way to service the remaining property. (Appeal from judgment of Court of Claims, Quigley, J. — appropriation.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and Schnepp, JJ.

■ In the Matter of GARY S., Petitioner, v J. ROBERT HOUSTON, as Judge of the County Court of Livingston County, et al., Respondents. — Application unanimously denied and petition dismissed, without costs. Memorandum: In this CPLR article 78 proceeding in the nature of prohibition, petitioner contends that respondent, a County Court Judge, acted in excess of his jurisdiction when he granted an order directing the petitioner to appear in a lineup. Petitioner's sole argument before us is that the order was granted without a sufficient showing of " 'probable cause to believe that the suspect [petitioner] has committed the crime,' " and " 'a "clear indication" that relevant material evidence will be found' " (*People v Moselle*, 57 NY2d 97, 108; *Matter of Abe A.*, 56 NY2d 288, 291). For the reasons stated in the memorandum of County Court, we determine that probable cause was shown. We determine also that there is a clear indication that relevant material evidence will be found. Petitioner claims that evidence obtained at a prospective lineup will be tainted by a suggestive showup previously conducted by the police. Although the lineup evidence may be subject to a motion to suppress, it is nevertheless relevant and material. Its admissibility cannot be decided here, but must await a motion to suppress should an indictment ensue. (Article 78 proceeding.) Present — Dillon, P. J., Doerr, Boomer, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FIELDS, Appellant. — Judgment unanimously modified, on the law, to vacate sentence and, as modified, affirmed and defendant remanded to Supreme Court, Erie County, for resentencing, in accordance with the following memorandum: Defendant entered a plea of guilty to burglary in the third degree in exchange for a promise that he would not be sentenced as a persistent felony offender. Although the People advised that they would file a second felony offender statement, it does not appear that one was filed. When defendant appeared for sentence, the court did not refer to his status as a predicate felon or afford him the opportunity to controvert the prior conviction (CPL 400.21; and see *People v Corey*, 88 AD2d 560; *People v Anderson*, 60 AD2d 632); nevertheless, it sentenced him to an indeterminate term of 3½ to 7 years, a permissible sentence only if defendant had been adjudicated a predicate felon (Penal Law, § 70.06). Defendant's request to withdraw his plea was properly denied. His claim that he was subjected to family pressure and his unsupported claim of innocence despite his unequivocal prior admissions were insufficient to require the court to permit withdrawal of the plea. (See *People v Mangini*, 82 AD2d 940; *People v Cooke*, 61 AD2d 1060.) (Appeal from judgment of Supreme Court, Erie County, Sedita, J. — burglary, third degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.