■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK TOWNS, Appellant. — Judgment, insofar as it imposes sentence, unanimously reversed, on the law, and otherwise judgment affirmed and defendant remanded to Supreme Court, Monroe County, for resentencing, in accordance with the following memorandum: The record indicates and the People concede that the District Attorney failed to comply with CPL 400.21 (subd 2) which provides that whenever it appears that a defendant may have previously been subjected to a predicate felony conviction, "a statement must be filed by the prosecutor before sentence is imposed setting forth the date and place of each alleged predicate felony conviction." The People argue that although there was no "technical" compliance with the section, the legislative intent was met because defendant's counsel stated at the time of sentencing that defendant knew he must go to jail because of prior felony convictions. We have previously stated that there should be strict compliance with the requirements of CPL 400.21 (*People v Gonzales*, 54 AD2d 1070). Defendant did not expressly admit his prior felony convictions and was not given an opportunity to controvert his prior convictions (see *People v Fields*, 92 AD2d 749; *People v Corey*, 88 AD2d 560;

*People v Crawford,* 57 AD2d 702). Furthermore, the court did not follow the preferred practice of expressly advising the defendant of his right to question the constitutionality of any predicate felony (see *People v Graham,* 67 AD2d 172, 179; cf. *People v Linderberry,* 55 AD2d 992). (Appeal from judgment of Supreme Court, Monroe County, Curran, J. — criminal possession of stolen property, third degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and Moule, JJ.