■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON COLLINS, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered August 10, 1982, convicting defendant, upon his plea of guilty, of the crime of attempted burglary in the second degree. ¶ Defendant was indicted for burglary in the second degree and petit larceny and pleaded guilty to the reduced charge of attempted burglary in the second degree in full satisfaction of the indictment. He was sentenced, as a second felony offender, to an indeterminate term of 2½ to 5 years. On this appeal, defendant challenges the procedure by which he was found to be a second felony offender. Contrary to defendant's contention, there is no requirement, although it may be the preferred practice (see, e.g., *People v Towns,* 94 AD2d 973, 974; *People v Graham,* 67 AD2d 172, 179), that a court expressly advise a defendant of his right to contest the constitutional basis of a prior conviction (see *People v Linderberry,* 55 AD2d 992). Furthermore, our review of the sentencing minutes reveals that the statutory procedure for determining whether a defendant is a second felony offender (CPL 400.21) was followed. A second felony information was filed in accordance with CPL 400.21 (subd 2). After being asked by County Court whether he wished to controvert the alleged predicate felony conviction (CPL 400.21, subd 3), defendant, who was represented by counsel, declined the opportunity, obviating the need for a hearing on the validity of the alleged predicate felony conviction (CPL 400.21, subd 4). Thus, defendant was properly sentenced as a second felony offender (see *People v Graham, supra*). Defendant's sentence was less than the maximum to which he might have been sentenced as a second felony offender and, considering defendant's lengthy criminal record, modification is not warranted. Accordingly, affirmance of the judgment is required. ¶ Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.