■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. PFUNTER, Appellant. — Judgment, insofar. as it imposes sentence, unanimously reversed, on the law, and otherwise judgment affirmed and defendant remanded to Livingston County Court for resentencing in accordance with the following memorandum: Defendant's admissions to a police officer, consisting of references to molesting the alleged victim and noting that "it" occurred at defendant's residence, supplied adequate corroboration (see *People v Weyant,* 68 AD2d 608, 612). We agree with the hearing court that the statements were admissible since defendant's request for counsel did not come until sometime after these admissions were made. ¶ The court erred, however, by sentencing defendant as a second felony offender. The People concede that they did not file the statement required by CPL 400.21 (subd 2), and the court did not expressly request defendant to admit his prior felony convictions nor did it advise defendant of his right to question the constitutionality of any predicate felony. We have previously noted that the requirements of CPL 400.21 should be strictly complied with (*People v Towns,* 94 AD2d 973). (Appeal from judgment of Livingston County Court, Cicoria, J. — sodomy, second degree, and another offense.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.