■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE SNYDER, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered April 13, 1983, convicting defendant upon his plea of guilty of the crimes of attempted arson in the third degree and burglary in the third degree.

Defendant pleaded guilty to attempted arson in the third degree and burglary in the third degree in full satisfaction of an 18-count indictment. Defendant was sentenced to concurrent terms of 2 to 4 years after having been determined to be a second felony offender. On this appeal, defendant challenges this determination, contending that County Court failed to comply with the statutory procedure for determining second felony offender status. Our review of the record reveals that, contrary to the

requirements of CPL 400.21 (subd 3) (see, also, *People v Collins,* 100 AD2d 691), defendant was never provided an opportunity to controvert the allegations of the second felony offender statement. Furthermore, defendant never waived his opportunity to challenge his status as a second felony offender because he never admitted the allegations underlying the alleged predicate felony (see *People v Hewitt,* 97 AD2d 828), never admitted that he has a prior felony conviction (see *People ex rel. Colon v Reid,* 70 AD2d 893, mot for lv to app den 48 NY2d 602), and never admitted that the prior offense could serve as a predicate felony for sentencing purposes (see *People v Haynes,* 102 AD2d 604). The mere acknowledgment by defendant that he was to be sentenced as a predicate felon is no substitute for an effective waiver of defendant's right to challenge his status as a predicate felon (see *People v Corey,* 88 AD2d 560). On this record, we conclude that there has been no substantial compliance with CPL 400.21 which would permit defendant to be sentenced as a second felony offender. Accordingly, the sentence must be vacated and the matter remitted for resentencing.

Judgment modified, on the law, by vacating the sentence; matter remitted to the County Court of Ulster County for resentencing; and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.