■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered February 13, 1981, convicting him of robbery in the first degree (two counts), robbery in the second degree and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered July 10, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress the complaining witness' identifications of him, both at a lineup and at trial.

Judgment affirmed.

We agree that the failure of the People to preserve a record of two photographic arrays presented to the victim within a month of the robbery gave rise to an inference that the arrays were suggestive (see *People v Putnam,* 55 AD2d 608; *People v Nelson,* 79 AD2d 171, 174, cert den *sub nom. Usher v New York,* 454 US 869; *United States v Sanchez,* 603 F2d 381, 385; cf. *People v Foti,* 83 AD2d 641), and that the inference of suggestiveness was not rebutted.

Notwithstanding the presumptive suggestiveness of the photographic identifications, the lineup identification, conducted two months later, was sufficiently attenuated and was not itself suggestive. The evidence of the victim's opportunity to view the defendant during the crime was sufficient to establish an independent basis (see *People v Adams,* 53 NY2d 241; cf. *People v English,* 75 AD2d 981). Accordingly, the in-court identification and evidence of the lineup identification were properly admitted.

We have considered defendant's remaining contentions and find them to be without merit. Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.