■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ADINOLFI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (DeMakos, J.), rendered March 22, 1983, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We reject defendant's claim that his sentence should be reduced (*see, People v Suitte,* 90 AD2d 80), and we note that his other claims are either unpreserved for appellate review, or without merit. (*See, People v Miles,* 87 AD2d 599; *People v Campbell,* 86 AD2d 403; *People v English,* 75 AD2d 981.) Gibbons, J. P., Bracken, O'Connor and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BRANDO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Reilly, J.), rendered July 16, 1982, convicting him of robbery in the first degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We reject defendant's claim that the trial court erred in denying defense counsel's motion to dismiss the indictment for failure to prove a prima facie case, and we note that defendant's guilt was proven beyond a reasonable doubt by overwhelming evidence. We also note that it was not error for the trial court to deny defendant's request for a missing witness charge, since the witness in question, Officer Mazelli, was then under indictment for burglary and was not under the control of the People. In any event there is no showing that Mazelli's testimony would have been other than cumulative (*see, People v Almodovar,* 62 NY2d 126, 132-133; *People v Dillard,* 96 AD2d 112, 115). Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.