■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUENTIN MEADOWS, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Savarese, J.), imposed December 23, 1981, upon his plea of guilty to robbery in the second degree, the sentence being a term of imprisonment of 3½ to 7 years.

Sentence reversed, on the law, and case remitted to Criminal Term for further proceedings consistent herewith.

The sentencing minutes do not indicate compliance with CPL 400.21, i.e., a judicial finding of a prior predicate felony (see, People v Owens, 58 AD2d 898). The record does not disclose that defendant admitted the existence of a prior felony conviction, and the error was, therefore, not harmless (cf. People v Bouyea, 64 NY2d 1140).

Furthermore, the record of the plea proceedings discloses some confusion as to whether defendant was to be sentenced as a second or a first felony offender upon conviction of robbery in the second degree, a class C violent offense (see, Penal Law § 70.02 [1] [b]). While the court advised defendant that he faced a minimum of one half the maximum imposed, thus indicating that defendant would be sentenced as a second felony offender (see, Penal Law § 70.06 [4] [b]), the court also advised defendant of the maximum range applicable to a first felony offender (see, Penal Law § 70.02 [2] [a]; [3] [b]).

Accordingly, the question of whether a proper minimum sentence had been imposed should be reviewed upon resentencing. Mollen, P. J., Lazer, Mangano and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDO M. MORALES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered March 22, 1982, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel is granted leave to withdraw as counsel (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf. People v Gonzalez, 47 NY2d 606). Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.