■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BRESSINGHAM, JR., Appellant.—Appeal by the defendant, as limited by his brief, from three sentences of the County Court, Suffolk County (Cacciabaudo, J.), all imposed January 27, 1987, upon his pleas of guilty to robbery in the first degree (2 counts, 1 each under indictments Nos. 558/86 and 903/86) and one count of attempted burglary in the second degree (under S.C.I. No. 938/86), the sentences being concurrent indeterminate terms of 6 to 12 years' imprisonment on the convictions of robbery in the first degree and a consecutive indeterminate term of 2½ to 5 years' imprisonment on the conviction of attempted burglary in the second degree.

Ordered that the sentences are reversed, on the law, and the case is remitted to the County Court for further proceedings consistent herewith.

The court records do not indicate that the procedures set forth in CPL 400.21 for determining the defendant's status as a second felony offender were complied with. Since the sentences imposed by the County Court are legally permissible only in the event the defendant is found to be a second felony offender, they must be vacated and the case remitted for resentencing in accordance with CPL 400.21 *(see, People v Meadows,* 114 AD2d 1044; *People v King,* 114 AD2d 650; *People v Pfunter,* 101 AD2d 1020).

Although we are remanding for resentencing, we would note that there is insufficient evidence in the record to support the defendant's contention that there were mitigating circumstances bearing directly upon the manner in which the attempted burglary offense was committed to warrant the imposition of a concurrent sentence (Penal Law § 70.25 [2-b]; *People v Camacho,* 120 AD2d 671). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.