■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN HURTADO, Appellant.—Judgment, Supreme Court, New York County (Alfred H. Kleiman, J., at suppression hearing, guilty plea and sentence), rendered February 15, 1989, convicting defendant of robbery in the second degree (Penal Law § 160.10 [2] [b]) and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 4 to 8 years, unanimously affirmed.

The evidence adduced at the suppression hearing reveals that the police officers heard gunshots, in the early morning hours of June 20, 1988, and saw a known store manager pointing to defendant's vehicle and yelling "That's him, get him." Defendant drove away from the curb in a brown station wagon and a high-speed chase followed. After the officers lost sight of defendant for a brief moment, when they turned a corner, they found that the vehicle had collided with parked cars, the driver's door was open with no one inside. One officer recovered an imitation pistol from the front seat of the station wagon and then saw defendant 8 to 10 feet away, hiding behind a flower pot, and arrested him.

Defendant's seizure, under these circumstances, was proper and the police officers' conduct reasonable. *(People v De Bour,* 40 NY2d 210.) Defendant concedes that the officers' behavior in giving chase was soundly based upon a reasonable suspicion that the driver of the vehicle had been involved in criminal activity. He claims, however, that they were not justified in arresting him because they neither saw him exit the vehicle nor hide behind the flower pot. This argument is meritless. Given the late hour, the fact that no other persons were in the immediate vicinity and defendant's unsuccessful attempt to avoid detection, the officers could reasonably conclude that the driver of the vehicle and the person crouching behind the pot were one and the same.

We also reject defendant's argument that the plea and sentencing court's failure to specifically advise him of his right to challenge the constitutionality of his prior conviction requires a remand for resentencing as a first offender. It has

been recognized that although such advice is the preferred practice, the failure to do so does not warrant disturbance of defendant's sentence. *(People v Leonard,* 109 AD2d 754, 755.) This is all the more true where, as here, there was otherwise uncomplained of compliance with the dictates of CPL 400.21 (2). *(People v Smith,* 121 AD2d 771.) Concur—Ross, J. P., Carro, Kassal and Ellerin, JJ.