■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. FROATS, Appellant.—Judgment unanimously affirmed. Memorandum: Where the defendant, at a second felony hearing, fails to challenge the constitutionality of a prior felony conviction, he waives any allegation of unconstitutionality unless good cause can be shown for the failure to make a timely challenge (CPL 400.21 [7] [b]), and the court's finding that defendant is a second felony offender is binding upon him in any future proceeding (CPL 400.21 [8]). Defendant failed to challenge the constitutionality of his 1976 felony conviction at the time of his second felony offender hearing in 1981, but sought to challenge the constitutionality of that first conviction at his persistent felony hearing. He urged that the court's failure, during sentencing on the 1981 conviction, to ask defendant if he wished to challenge the constitutionality of the earlier conviction constituted "good cause" for failing to make a timely challenge. Defendant was not entitled to that specific request or warning from the court *(see, People v English,* 75 AD2d 981; *People v Linderberry,* 55 AD2d 992), and thus failed to demonstrate good cause for failing to challenge the prior conviction. By failing to challenge his 1976 conviction at the 1981 sentencing or to demonstrate good cause for such failure, defendant waived any future challenge to the constitutionality of the 1976 conviction for sentence enhancement purposes *(see, People v Shaffer,* 144 AD2d 182, 183; *People v Ubiles,* 130 AD2d 788), and the court properly determined that defendant was a persistent felon.

There is no merit to defendant's contentions that penetra-

tion is an essential element of forcible sodomy *(see, People v Reed,* 144 AD2d 932; *People v Griffin,* 96 AD2d 720), or that the court abused its discretion in refusing to permit a courtroom experiment *(see, People v Acevedo,* 40 NY2d 701; *People v Sugrue,* 103 AD2d 785) or in permitting cross-examination of defendant concerning the fact that he was convicted of a felony in 1976 *(see, People v Salcedo,* 133 AD2d 129, *lv denied* 70 NY2d 754). We also find that the verdict was not contrary to the weight of evidence and that the sentence was not harsh or excessive. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—sodomy, first degree.) Present— Denman, J. P., Boomer, Pine, Balio and Lowery, JJ.