■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD WRIGHT, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Douglass, J.), both rendered May 19, 1989, convicting him of burglary in the first degree under Indictment No. 9511/88, and burglary in the second degree under Indictment No. 10806/88, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, the court did not improvidently exercise its discretion in denying his motion to withdraw his guilty pleas. The defendant argues that he

pleaded guilty to the instant burglary charges because he was informed that the prosecution possessed fingerprint evidence linking him to one of the burglaries and when he was later informed that no such fingerprint evidence existed, he was entitled to withdraw his guilty pleas. However, it is well settled that a defendant is not entitled to withdraw his guilty pleas merely because he discovers that he misapprehended the quality of the People's case *(see, Brady v United States,* 397 US 742; *People v Jones,* 44 NY2d 76, *cert denied* 439 US 846; *People v Walker,* 152 AD2d 644; *People v Grady,* 110 AD2d 780; *People v Boyce,* 107 AD2d 754). In any event, the record reveals that the prosecution was in fact in possession of latent fingerprints recovered from the roof of the building to which the defendant allegedly gained entry via a roof door. Accordingly, the court did not improvidently deny the defendant's application.

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Miller and Ritter, JJ., concur.