■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTON GEGA, Appellant.—Judgment, Supreme Court, Bronx County (Joan C. Sudolnik, J.), rendered May 9, 1988, convicting defendant of murder in the second degree and attempted murder in the second degree, and sentencing him to consecutive terms of imprisonment of 20 years to life and 3⅓ to 10 years, respectively, unanimously affirmed.

Defendant shot and murdered one man, and wounded another, in an altercation in a bar. A witness led the police to defendant's basement apartment, where defendant's wife opened the door, and advised the officers that defendant was asleep in bed. The officers entered defendant's bedroom, and found him lying, fully dressed, on his bed.

We observe that the suppression court never reached the issue of consent to the warrantless entry, finding it was justified by exigent circumstances. While there was ample evidence on which a finding of consent could be based, denial of suppression need not rest on that ground. Based on the facts adduced at the suppression hearing, there were clearly exigent circumstances justifying a warrantless entry into defendant's apartment (see, People v Cruz, 149 AD2d 151, 160).

Although defendant was wearing his leather jacket during the lineup, which was the same article of clothing he had worn during the commission of the crime, the lineup procedure was not tainted. The witnesses testified at the *Wade* hearing, and established that defendant's wearing of the leather jacket had not swayed their identification. Further, upon review of the photograph of the lineup, the leather jacket was not such an uncommon or unusual element as to single out defendant so as to taint the lineup procedure. The lineup was composed of similar looking individuals, all of whom were wearing jackets of some type. Under these circumstances, the statement by the police officer conducting the lineup that a suspect taken into custody "might" be in the lineup does not mandate reversal (People v Rodriguez, 64 NY2d 738).

The prosecutor's statements in summation, to the extent defendant preserved his objections thereto, were within the broad bounds of rhetorical comment. Finally, we note that the evidence of guilt was overwhelming. Concur—Carro, J. P., Ellerin, Kupferman and Kassal, JJ.