■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL HERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered June 20, 1990, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his constitutional right to a speedy trial *(see,* CPL 30.20) because 22 months elapsed between his arrest and the filing of his motion to dismiss the indictment. However, balancing the factors set forth in *People v Taranovich* (37 NY2d 442), we find no such violation. While the defendant was incarcerated for the entire delay, the incarceration was necessitated, in part, by his having fled the jurisdiction after the crime. Furthermore, much of the delay was attributable to the defendant and the record is devoid of any indication that it impaired his defense. The seriousness of the underlying charge further weighed against dismissal *(see, People v Mullins,* 137 AD2d 227; *People*

*v Lowry,* 107 AD2d 716). Therefore, his motion was properly denied.

Nor do we find the court's denial of the defendant's motion to withdraw his plea to be an improvident exercise of discretion since the record demonstrates that the plea was knowingly and voluntarily entered *(see, People v Harris,* 61 NY2d 9; *People v Frederick,* 45 NY2d 520). That the defendant may have misapprehended the nature of the evidence against him does not entitle him to withdraw his plea *(see, Brady v United States,* 397 US 742; *People v Jones,* 44 NY2d 76, *cert denied* 439 US 846; *People v Grady,* 110 AD2d 780). Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.