■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. [602 NYS2d 600] —Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered December 17, 1990, convicting defendant, after a guilty plea, of attempted robbery in the second degree, and sentencing him, as a persistent violent felon, to a term of 6 years to life, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress the lineup identification. Defendant's contention that the lineup was unduly suggestive in that he "was the only participant wearing a green and black ski jacket, and was 1 of just 2 bearded men" is not preserved for appellate review, and we decline to review in the interest of justice. Were we to review, we would find this contention without merit. The photograph of the lineup revealed that all the participants were wearing some sort of jacket or outerwear. For that reason, the ski jacket worn by defendant was not so uncommon or unusual as to single him out *(see, People v Gega,* 188 AD2d 305, *lv denied* 81 NY2d 886). Moreover, there was no indication that the ski jacket was a factor when the complainant spotted defendant and pointed him out to the arresting officer *(compare, People v Sapp,* 98 AD2d 784). Since all the participants had facial hair, the fact that defendant was only one of two persons wearing a beard did not tend to single him

out *(see, People v Clark,* 155 AD2d 548, 549, *lv denied* 75 NY2d 768).

We agree that defendant waived his right to controvert the constitutionality of his 1977 felony conviction. Since a sentencing court is not required to specifically advise a defendant of his right to challenge a prior conviction on constitutional grounds *(see, People v Hurtado,* 160 AD2d 654, 654-655, *lv denied* 76 NY2d 789), defendant has not shown "good cause" for failing in 1982 to challenge the 1977 conviction (CPL 400.15 [7] [b]). Were we to consider this contention, we would find that defendant has not met his burden of establishing the unconstitutionality of the 1977 conviction. Even if defendant's recollection that he was not "informed of all of the rights" at the 1977 plea allocution is accurate, that would not render the plea invalid *(see, People v Harris,* 61 NY2d 9, 16).

We have considered defendant's remaining contention and find it to be without merit. Concur—Sullivan, J. P., Ellerin, Kupferman and Nardelli, JJ.