■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. GREENE, Appellant. [618 NYS2d 412] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered May 3, 1993, convicting him of criminal possession of marihuana in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty and withdrew that branch of his omnibus motion which was to suppress evidence prior to a hearing and decision on the motion. Before sentencing, the defendant moved to vacate his plea on the ground that a decision issued by the Court of Appeals after his plea *(People v Scott,* 79 NY2d 474) established that the search of his property by the police was improper.

The court did not err in refusing to vacate the defendant's plea. The record reveals that the plea was knowingly, voluntarily, and intelligently entered *(see, People v Harris,* 61 NY2d 9), and the defendant, in seeking vacatur, did not raise any claim of innocence, fraud, mistake, or involuntariness *(see, e.g.,*

*People v De Jesus,* 199 AD2d 529; *People v Cance,* 155 AD2d 764). Moreover, the pleadings reveal that there are factual issues as to whether *People v Scott (supra),* would require the suppression of evidence in this case. Any misapprehension by the defendant as to the quality of the People's case and his chance of prevailing on his suppression motion is not a sufficient ground to vacate his plea *(see, Brady v United States,* 397 US 742; *People v Jones,* 44 NY2d 76, *cert denied* 439 US 846; *People v Hernandez,* 190 AD2d 752; *People v Wright,* 182 AD2d 849).

Since the defendant withdrew his suppression motion prior to pleading guilty, appellate review of the merits of that motion is precluded *(see, People v Fernandez,* 67 NY2d 686; *People v Clark,* 197 AD2d 531; *cf., People v Reilly,* 195 AD2d 95).* O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.