■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL KLOCZKOWSKI, Appellant. [642 NYS2d 35] —Appeal by the defendant from a judgment of the County Court, Orange County (Phillips, J.), rendered July 23, 1992, convicting him of murder in the second degree (two counts), upon his plea of guilty, and imposing sentence. By decision and order dated December 27, 1993 (*see, People v Kloczkowski,* 199 AD2d 538), the matter was remitted to the County Court, Orange County, for a hearing on the issue of whether the defendant's failure to cooperate with the prosecution pursuant to his plea agreement was the result of threats against his life. The County Court, Orange County (Byrne, J.), has now filed its report.

Ordered that the judgment is affirmed.

On appeal, the defendant contended that he should have been allowed to withdraw his plea of guilty or that he was entitled to a more lenient sentence due to the People's purported breach of a cooperation agreement. By decision and order dated December 27, 1993, the case was remitted to the County Court, Orange County, to hear and report as to whether the defendant's recantation of his testimony against his codefendant was the product of threats against his life and also as to whether the People became aware of the alleged threats and what response they took thereto (*see, People v Kloczkowski,* 199 AD2d 538, *supra*).

The record supports the County Court's conclusion that the defendant's recantation and breach of the cooperation agreement was not due to certain threats he received while incarcerated and that the People made reasonable efforts to protect the defendant. Thus, the defendant, who failed to fulfill his obligations under the cooperation agreement and who was fully aware of the consequences of his failure was not entitled to the more lenient sentence contained in the agreement, nor was he entitled to withdraw his plea of guilty (*see, People v Gregory,* 223 AD2d 503; *People v Gibbs,* 161 AD2d 661). Bracken, J. P., Balletta, O'Brien and Pizzuto, JJ., concur.