■ The People of the State of New York, Respondent, v Eric Priester, Appellant. [671 NYS2d 652] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered September 28, 1995, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 9 to 18 years, unanimously affirmed.

The court properly denied defendant's motion to suppress the lineup identification. Defendant's contention that the lineup was unduly suggestive is not supported by the record, which establishes that all of the participants were wearing fairly similar clothes and sufficiently resembled one another (see, People v Gega, 188 AD2d 305, lv denied 81 NY2d 886). The statement by the police officer conducting the lineup that the complainant was "going to have to pick out the person that robbed him" did not contaminate the identification (see, People v Rodriguez, 64 NY2d 738). We perceive no abuse of sentencing discretion.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Andrias, JJ.

■ In the Matter of Elisha T., a Person Alleged to be a Juvenile Delinquent, Appellant. [671 NYS2d 652] —Order of disposition, Family Court, Bronx County (Cira Martinez, J.), entered on or about July 29, 1997, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed an act which, if committed by an adult, would have constituted the crime of criminal sale of a controlled substance in the third degree, and placed him with the Division for Youth for a period of 18 months, unanimously affirmed, without costs.

The court's findings were based on legally sufficient evidence and were not against the weight of the evidence. There was ample evidence of appellant's purposeful participation in the sale, including evidence that he directed several people to another individual who then exchanged drugs for money, that, upon the undercover officer's approach, appellant asked him "how many" he wanted, and that appellant then directed the officer to the other man, standing two feet away, who completed the transaction (see, People v Abdul-Aziz, 216 AD2d 77, lv denied 86 NY2d 788). We see no reason to disturb the court's credibility determinations.

The court's restriction on cross-examination of the undercover officer was a proper exercise of discretion (see, People v Schwartzman, 24 NY2d 241, 244, cert denied 396 US 846). Concur—Milonas, J. P., Rosenberger, Nardelli, Tom and Saxe, JJ.