■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DEBOUE, Appellant. [749 NYS2d 282] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 19, 2000, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On January 10, 2000, the defendant pleaded guilty to manslaughter in the first degree. He was promised a sentence of a determinate term of 11 years imprisonment in return for this

plea, on condition that he comply with the provisions of a cooperation agreement outlined at the plea proceedings and in a related document. He was warned that in the event of his failure to cooperate, he would face a sentence as harsh as a term of 25 years imprisonment. Following a hearing, the Supreme Court concluded that the defendant had not cooperated as agreed, and imposed a sentence of an indeterminate term of 12½ to 25 years imprisonment. The parties agree that the determinate terms referred to in the original plea bargain would not constitute legal sentences for the crime of manslaughter in the first degree.

We agree with the defendant that, under the circumstances of this case, the purported waiver of his right to appeal was not valid (see *People v Chiovaro,* 261 AD2d 632; *People v Holland,* 242 AD2d 735; *People v Rose,* 236 AD2d 637; *People v Tillery,* 224 AD2d 558; *People v Rolon,* 220 AD2d 543).

With respect to the merits, we note that the defendant specifically advises that he does not wish to withdraw his plea. His assigned counsel requests a discretionary reduction in the sentence imposed to a term "no greater than the 11 to 22 years" recommended by one of the prosecutors after it had been discovered that the original plea bargain was premised on an illegal sentence, but before the Supreme Court had concluded the hearing in connection with the defendant's alleged noncooperation. In his supplemental pro se brief, the defendant, asserting that he complied with the cooperation agreement, argues that the sentence should be vacated, and the matter remitted to Supreme Court, Kings County, "to configure a sentence in accordance with the initial illegal proposed sentence of 11 year determinate."

We agree with the Supreme Court, essentially for the reasons stated in its decision dated April 19, 2000, that the defendant did not fully comply with the cooperation agreement, and in no event was he entitled to "specific performance" of any sentence promise (see e.g. *People v Paige,* 266 AD2d 587; *People v Augustine,* 265 AD2d 671). Following the plea proceedings, and while being prepared to testify against his codefendant, the defendant significantly changed his account of his own participation in the crime. Because he violated the cooperation agreement by revealing himself to be, or to have been, untruthful in a material respect (cf. *People v Schaefer,* 136 AD2d 661), the defendant was subject to a prison term as harsh as 25 years imprisonment under the terms of his plea bargain, and the sentence actually imposed is within that range.

In light of this determination, we need not decide whether, if

the defendant had cooperated with the People as required, the rule expressed in *People v Danny G.* (61 NY2d 169) and *People v McConnell* (49 NY2d 340), relied upon by the defendant in his supplemental pro se brief, would require specific performance of a plea bargain to the extent of requiring imposition of a sentence recognized by the parties to be illegal (*cf. Matter of Van Leer-Greenberg v Massaro,* 87 NY2d 996; *People v Bartley,* 47 NY2d 965).

We find no merit to the defendant's request for a discretionary reduction in sentence, particularly in light of the extremely violent nature of the crime in which he actively participated (*see People v Suitte,* 90 AD2d 80).

The defendant's contention regarding the ineffective assistance of counsel would not warrant a reduction in sentence, the only relief sought on appeal, and is in any event without merit. Prudenti, P.J., Florio, Schmidt and Mastro, JJ., concur.