■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN HEFFELFINGER, Appellant. [798 NYS2d 475]—

Appeal by the defendant from a judgment of the County Court, Westchester County (DiFiore, J.), rendered December 16, 2002, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to robbery in the second degree with the understanding that he would receive the statutory minimum term of imprisonment of 3½ years (*see* Penal Law § 70.02 [3] [b]; § 160.10). He admitted his guilt and acknowledged that he was pleading guilty on the ground that he was in fact guilty. He was informed that if he was arrested before sentencing and did not appear for sentencing, the sentence commitment was no longer binding.

Thereafter, the defendant failed to appear for sentencing and was arrested pursuant to a warrant. At the sentencing proceeding, the defendant moved to withdraw his plea of guilty on the ground that the People had promised him a lesser sentence if he acted as a confidential informant on their behalf. However, he acknowledged that he stopped cooperating because he feared retribution and because he was incarcerated on a new charge. The Supreme Court denied the defendant's motion and imposed the statutory minimum term of imprisonment of $3^1/_2$ years.

Since it is apparent that the defendant failed to cooperate, he was not entitled to withdrawal of his plea of guilty or any other consideration (*see People v DeBoue*, 299 AD2d 422 [2002]; *People v Kloczkowski*, 226 AD2d 743 [1996]).

The defendant's claim of ineffective assistance of counsel involves matter dehors the record which may not be reviewed on direct appeal (*see People v Simon*, 196 AD2d 851, 852 [1993]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Rivera, Lifson and Skelos, JJ., concur.