Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Gulotta, Jr., J.), rendered April 27, 2012, convicting him of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that he was denied due process *1066 because the Supreme Court failed to make a sufficient inquiry into whether he violated the terms of a cooperation agreement is unpreserved for appellate review (see CPL 470.05 [2]; People v Valencia, 3 NY3d 714, 715-716 [2004]). In any event, since the defendant admitted that he failed to perform certain acts, in violation of the cooperation agreement, no hearing was required (see People v Valencia, 3 NY3d at 715-716; People v Shih-Siang Shawn Liao, 103 AD3d 757 [2013]). Thus, the defendant, who failed to fulfill his obligations under the cooperation agreement and who was fully aware of the consequences of his failure, was not entitled to withdraw his plea of guilty on the ground that he did not receive the benefit of the cooperation agreement (see People v Heffelfinger, 19 AD3d 508, 509 [2005]; People v DeBoue, 299 AD2d 422, 423 [2002]; People v Kloczkowski, 226 AD2d 743 [1996]).
Furthermore, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant’s pro se motions to withdraw his plea of guilty on the grounds that he was innocent and that evidence discovered after his plea was entered allegedly revealed that the controlled substance analysis performed by the Forensic Evidence Bureau of the Nassau County Police Department was deficient. The record supports the Supreme Court’s determination that the defendant’s plea was entered knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Harris, 61 NY2d 9, 16-17 [1983]). The defendant’s post-plea assertion that he was innocent because the substance he sold was not heroin contradicted the admissions he made under oath at his plea allocution, and was insufficient to warrant a hearing or withdrawal of his plea (see People v Dixon, 29 NY2d 55, 57 [1971]; People v Dazzo, 92 AD3d 796, 797 [2012]; People v Douglas, 83 AD3d 1092, 1093 [2011]; People v Shaw, 238 AD2d 360 [1997]). Furthermore, any misapprehension by the defendant as to the nature of the evidence against him was not a sufficient ground to vacate his plea (see Brady v United States, 397 US 742 [1970]; People v Jones, 44 NY2d 76 [1978], cert denied 439 US 846 [1978]; People v Greene, 208 AD2d 950, 951 [1994]; People v Hernandez, 190 AD2d 752 [1993]; People v Wright, 182 AD2d 849 [1992]). In any event, a second analysis performed at a crime laboratory in Pennsylvania confirmed that the substance sold by the defendant was heroin.
The defendant’s remaining contentions are without merit (see People v Caban, 5 NY3d 143, 152 [2005]; People v Terrell, 78 AD3d 865, 866 [2010]).
Dillon, J.P, Hall, Roman and Cohen, JJ., concur.