Appeal by the defendant from a resentence of the Supreme Court, Queens County (Blumenfeld, J.), imposed July 12, 2012, upon his conviction of attempted criminal sexual act in the first degree, upon his plea of guilty, the resentence being a term of imprisonment of 17 years to life as a persistent violent felony offender, nunc pro tunc to November 13, 2006.
Ordered that the resentence is affirmed.
The Supreme Court properly adjudicated the defendant to be a persistent violent felony offender based on his 1987 and 1999 convictions. The defendant is estopped from challenging his 1987 conviction because he did not challenge its constitutionality in 1998, when it served as the predicate for his sentencing in 1999 as a second violent felony offender (see CPL 400.15 [8]; People v Rodriguez, 49 AD3d 903 [2008]; People v Adelman, 36 AD3d 926 [2007]). Contrary to the defendant’s contention, at the 1998 predicate adjudication, he was afforded notice and an *971 opportunity to be heard in connection with the 1987 conviction (see People v Luisi, 81 AD3d 980 [2011]). The Supreme Court was not required to explain to him his right to raise a constitutional challenge to the 1987 conviction (see People v Wallace, 188 AD2d 499 [1992]; People v Froats, 163 AD2d 906 [1990]; People v Leonard, 109 AD2d 754 [1985]; People v English, 75 AD2d 981 [1980]).
The defendant’s remaining contention is without merit.
Mastro, J.E, Skelos, Cohen and LaSalle, JJ., concur.