◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL L. BUTLER, Appellant. [7 NYS3d 533]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Sullivan, J.), rendered October 22, 2013, convicting him of criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, aggravated unlicensed operation of a motor vehicle in the first degree, and aggravated unlicensed operation of a motor vehicle in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On January 18, 2012, after waiving indictment by a grand jury, the defendant pleaded guilty under a superior court information to criminal possession of a weapon in the third degree under Penal Law § 265.02 (1), a class D, nonviolent felony, ag-

gravated unlicensed operation of a motor vehicle in the first degree under Vehicle and Traffic Law § 511 (3) (a) (ii), a class E felony, criminal possession of a weapon in the fourth degree under Penal Law § 265.01 (1), a class A misdemeanor, and aggravated unlicensed operation of a motor vehicle in the second degree under Vehicle and Traffic Law § 511 (2) (a) (i), an unclassified misdemeanor.

The defendant also signed a cooperation agreement which, inter alia, provided that sentencing would be adjourned during the period of cooperation, and that, upon successful cooperation as determined by the Nassau County District Attorney, an application would be made to the County Court to reduce or dismiss the top count to which the defendant pleaded guilty. The cooperation agreement also provided, however, that if the defendant was rearrested during the period of cooperation, the District Attorney could return him to the court, and request that he be sentenced to an indeterminate term of imprisonment of two to four years, followed by a period of postrelease supervision.

On September 13, 2012, the defendant was rearrested for petit larceny. The District Attorney accordingly terminated the cooperation agreement. Thereafter, the defendant moved to compel the District Attorney to honor the cooperation agreement or, in the alternative, to direct a hearing on the issue of whether he was entitled to specific performance of the terms of the cooperation agreement, or to permit him to withdraw his plea of guilty. The County Court denied the motion. On October 22, 2013, the court adjudicated the defendant a prior felony offender, and imposed a sentence upon him that included an indeterminate term of imprisonment of two to four years on the count of criminal possession of a weapon in the third degree, which was the top count in the indictment.

Contrary to the defendant's contention, the County Court properly denied his request for a hearing pursuant to *People v Argentine* (67 AD2d 180 [1979]), to determine whether he was entitled to specific performance of the terms of the cooperation agreement (*see People v Smith*, 105 AD3d 1065, 1066 [2013]; *People v Heffelfinger*, 19 AD3d 508 [2005]; *People v DeBoue*, 299 AD2d 422, 423 [2002]). There were no material issues of fact that needed to be resolved in order to justify the court's determination to impose sentence.

The defendant contends that the County Court erred in adjudicating him a prior felony offender because it never asked him if he wished to contest the constitutionality of his prior conviction and, as such, its questioning was deficient. This

contention is without merit (*see* CPL 400.21 [3]; *see also People v Alexander*, 123 AD3d 1340 [2014]; *People v McCaster*, 120 AD3d 1464 [2014]; *People v Mitchell*, 117 AD3d 970 [2014]; *People v Wallace*, 188 AD2d 499 [1992]; *People v Froats*, 163 AD2d 906 [1990]; *People v Hurtado*, 160 AD2d 654, 654-655 [1990]; *People v Leonard*, 109 AD2d 754 [1985]; *People v Linderberry*, 55 AD2d 992 [1977]). Mastro, J.P., Dillon, Hall and Miller, JJ., concur.